Florencio Maning, CDC No. V-05847
Chuckawalla Valley State Prison
P. O. Box 2349
B5-117U
Blythe, CA 92226

**FILED**

JAN 1 1 2008

**(PR)**

Authorized Representative For:

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Kanwaljit Singh Hundal, CDC No. F-59710
Chuckawalla Valley State Prison
P.O. Box 2349
B3-233L
Blythe, CA 92226

**CW**

**CV 08      0158**

United States Department of Justice
Office for Civil Rights
Region IX
Criminal & Civil Investigations Units
San Francisco Headquarters
450 Golden Gate Avenue
San Francisco, CA 94102

December 26, 2007

Re: Civil Rights Violations by Supervisory & Administrative Staff
    Employed by the California Department of Corrections And
    Rehabilitation, at Chuckawalla Valley State Prison, in Blythe
    California;

Criminal Jurisdiction: Pursuant to 18 U.S.C.A. Sect(s). 241, 242
                       & 245;

Civil Jurisdiction: Pursuant to 42 U.S.C.A. Sect(s). 2000a et seq.,
                    2000d, 2000bb et seq., 2000cc et seq., 1997
                    (Institution defined), 300 et seq., and other
                    related statutes;

To whom it may concern,

        I, inmate Maning, am a paralegal, and have had prior
training in Federal & Federal Program Plan requsite features, as
Civil Rights. The most recent training was preformed by the U.S.
Department of Health & Human Services, Office for Civil Rights,
Region IX, United Nations Plaza, San Francisco, California. Under
the direction of Ira C. Pollack, Regional Manager. The orginazation
that I was with had some success with DHHS jurisdictional civil
rights claims. I am hoping that Your Agency is willing to assist
with inmate Hundal's plight.

                    HISTORY AND BACKGROUND

        Inmate Kanwaljit Singh Hundal, was born in Punjab Provence,
in northwest India. From birth, Mr. Hundal, since birth has been
in the Sikh faith, as His ancistor's had for centuries. Later He
migrated to the United States of America, and became a citizen,
married and had a family. He was convicted of a felony in 2006,
sent to prison, where He is presently incarcerated , Chuckawalla

(Page 1)

U.S.D.O.J O.C.R. Letter                    December 26, 2007

Valley State Prison, in Blythe, California. Where the violation(s) complained of were committed.

Mr. Hundal, as a faithful and practicing Sikh, does not cut any of His facial or scalp hair. This is written in one of their religious books. This is as a sign of respect to their God, as an offer of proof, just drive by any Sikh Temple, on their day of worship and every male sikh has a long standing beard and lots of hair under His turbin. Well Chuckawalla Valley State Prison, staff took issue with this practice, and in a total act of discrimination based upon Mr. Hundal's religous beliefs, His race, then, take His privileges and good time/work time credits, plus limit and bar His access to the B-Yard Chapel, for prayer and quiet-time, or even private prayer-quiet prayer-time.

Attached are Exhibits "A" through "D", each are the write-ups, appeals (CDCR inmate appeals form 602), exhibits and other related documents. The following are a list of Exhibit(s) and a discription of their content:

Exhibit "A":  CDCR 115 Rules Violation, Guilty finding, In Log No. B07-04-0003, Inmate Appeal in same Log No. Appeal No. CVSP-07-00392, IAB No. 0618033, and attached Exhibits.

Exhibit "B"   CDCR 115 Rules Violation, Guilty finding, In Log No. B07-04-0006, Inmate Appeal in same Log No. Appeal No. CVSP 07-00517, IAB No. 0709271, and other attached and related documents and Exhibits.

Exhibit "C"   CDCR 115 Rules Violation, Guilty Finding, In Log No. B07-04-0015, Inmate Appeal in same Log No. Appeal No. CVSP 07-00438, IAB No. 0617221, and other attached

Exhibit "D"   CDCR 115 Rules Violation, Guilty finding, In Log No. B07-06-0011, Inmate Appeal in same Log No. Appeal No. CVSP-07-00528, IAB No. 0705507, and other attached and related documents and Exhibits.

### COMPLAINT AND EVIDENCE AS RELATED TO EXHIBITS

Exhibit "A": Pages 1 & 2 are write-ups regarding Mr. Hundal's beard being out of compliance with director's rules (Rule 3062(h)) grooming standards. That Mr. Hundal's beard extends more than an half an inch, citing California Code of Regulations, Title 15 (hereinafter Title 15) Sect. 3062(h), and as stated on Page 1, Mr. Hundal avered His First Amendment right, that "Its my religious belief". And as such should have been protected under the First Amendment, and the other above cited Federal civil rights statutes. Mr. Hundal Appealed see pages 3 & 4 (front & back). Pages 5-9, clearly show the deliberate indifference to Mr. Hundal's Constitutional and Statutory (civil) rights. I personally spoke to some of the correctional officers, it appears that they suffer from a lack

U.S.D.O.J. O.C.R. Letter                                        December 26, 2007

proper and competent training, especially in the area of civil rights. To My understanding, that supervisory personal in many areas keep the lower staff in the dark, then blame them when it falls apart. Look at all four Exhibits, they are all signed-off by correctional sergeants, lieutenants, counselor II (supervisor), appeals coordinator, captain, associate warden, warden, and the chief of inmate appeals for the director of corrections. Not one of the above stated administrators, questioned, stopped, or referred this matter to any State OCR unit. Why? Because they condone it! How do I know. I was elected by the inmates in My unit to be their "Men Advisory Counsel" member. As such, We have regular meetings with the captain, and a few times with the associate warden (D. Ollison) the very same one who signed everyone of the CDCR's against Mr. Hundal. Another interesting point is that Mr. Hundal, requested a chrono for His beard exemption from grooming standards to the appeals coordinator (see page 10). In response, Mr Hundal, received a CDC 128G chrono. Please note that the beard was omitted and the chrono address the Islamic religion, not Sikhism, that which Mr. Hundal practices. (see page 11). Yet, when issuing Mr. Hundal's "Religious Diet Card", they got it correct. Note, both the 128G chrono and the religious diet card are signed by Mr. Jay L. Abbs, Associate Warden.

The next issue is that in this as the other CDCR 115's the Dept. only exempts the head hair based upon a Ninth Circuit ruling. (see page 12). This action relied upon the "Religious Land Use and Institutionalized Persons Act" (hereinafter RLUIPA) codified as 42 U.S.C.A. Sects. 2000cc et seq. This statute does apply to prisons and requires the least restrictive method when abridging religious freedoms. So the million dollar question is how does a state Agency with any rationality, common sense, determine that head hair is exempt from their rules but, applying same (logic) deny an exemption for a beard? This in light of the above Ninth Cireuit case, RLUIPA, and Cutter v. Wilkinson(2005) 544 U.S. ____. Getting back

to how I know at these MAC (Men's Advisory Council Meetings) I asked questions of Captain Hughes, and Associate Warden, D. Ollison, regarding Federal law and the Constitution, their response was, that "this is Chuckawalla, and that they do it their way! I was a little awed, but have seen this type of reaction with CDCR's response to the Federal Court's in the Plata (medical), Coleman (mental health), Madrid (over-site over staff), Gilmore (law librarys) and Armstrong (ADA) cases. At times they act like they do not exist! As here, and the other exhibits. Page 13, indicates that CDCR is aware of the need to service non-main-stream religions, as well as the five main-stream religions, except here at Chuckawalla.

Exhibit "B": Pages 1-3, are the write-up, the CDC 115, of which is similar to that of Exhibit "A", except Mr. Hundal on His own, did research (this was prior to My involvement in this matter) and locate Warsoldier v. Woodford (9th Cir. 2005) 418 F.3d 989, and RLUIPA, and the results were the same. On the third level, which is

(Page 3)

U.S.D.O.J. O.C.R. Letter                    December 26, 2007

the Director's level, I wrote the objection/response. The only thing
that was done differently was I wrote in a "cc:" to your Agency and
His Honor Judge Henderson, in the Plata case (see pages 4-5. front
& back). Yet, the director's level screened-out this appeal based
upon erronious reasons, that it omits an informal review decision
letter. I say erronious because the same circumstances occurred in
Exhibit "C", and it was not screened-out. The only difference is
several statutory and Constitutional provisions (both Federal and
State) and the cc's, that was the only difference. An interesting
test! Pages 6-13, are responses from different levels. All are either
denials or screen-outs for various reasons. Page 14, is an offer of
proof that Mr. Hundal, is a Sikh, and that the hair symbolizes the
devine knowledge, wisdom, spiritual strength, ... and that Sikhs
regard hair as a sacred blessing from the Lord. The letter dated
June 19, 2007, and signed by the Head Priest, Alam Singh, of the
Modesto/Ceres Sikh Temple. Now there is no question as to Mr. Hundal's
religious affiliation, and the intracal part the hair plays thereof.

Exhibit "C": Pages 1-6, replicate the prior discrimination, harrasment,
and retaliation for complaining thereof; pages 1-6 show the write-up,
the punnishment and the deliberate indifference to His race and religion.
Pages 7-8, are just another futile attempt to aver His rights, of
which, fell upon deaf ears and blind eyes. Pages 9-12, is the evidence
of the indifference, deaf ears and blind eyes. I will even go a step
further, and say that based upon the fact that the same administrators
signed off with like and similar answers, I would say that they plotted
together, and shared the same goals, 18 U.S.C.A. Sect. 241 and 42
U.S.C.A. Sect. 1985. You have the paperwork before You. It speaks for
it self! Page 13 is further proof of indifference. (now compare with
Exhibit "B"). Pages 14 & 15 (front & back) contain some very interesting
documents, just recently discovered and attached to Mr. Hundals Appeal.
They are Administrative Bullitins regarding the very same thing He has
been conplaing about. Page is just another screen-out, Pages 17-19, are
just more proof of the laws that they ignore, deliberatly!

Exhibit "D": is another continuation; it is just like Exhibit "C", the
same circumstances and the basic same denials all the way up the ladder.
Pages 1-3, are the write-ups and punishments, page 4, is Mr. Hundal's
ignored appeal (see front and back). Pages 5-8 are all the levels of
denials of His appeal. Pages 10-11, are replicate Exhibits to Mr.
Hundal's appeal.

## CONCLUSION

It is quite appearant that the Administrative staff involved
think that this is "Berger King", as they think they can "have it their
way". That they are exempt from the law and are untouchable. Not only
are they vaine, they are arrogant, with their typical response like
and similar situations, that "this is Chuckawalla, and we do things
differently" (Emphsis added).

The evidence is self expainitory, Mr. Hundal is an Indian, from India, who practices the Sikh religion. He has been discriminated against based upon His race and religion, repeatedly, and based upon same, has been prejudiced by denying Him, privliges that those of other races and religions enjoy, unhindered. Even though there are very few Indians (East), and even fewer Sikhs in California Prisons. Yet, they are one of the highest rations of incidents of discriminat-ion. Attached as Exhibit "E" is a copy of a few year old Prison Legal News, article of the prejudice and bigotry received by another Indian Sikh. This one resulted in death, as this Sikh starved to death as CDCR staff was lacing his food with "BEEF", knowing, fuull and well Sikhs do not eat beef. Most in fact are vegetarians. See Exhibit "A", at page 11A.

On behalf of the Claimant, Kanwaljit Singh Hundal, We are reque-sting the following:

1. That a criminal investigation commence, and that the Administrat-be held criminally liable;
2. That the Office of the U.S. Attorney, assist claimant with the prosecution of civil action as is statutorily provided;
3. That civil sanction and fines be persued against CDCR, The State of California, and the persons responsible;
4. That CDCR be ordered to preform effective and proper training of it´s correctional staff, and it´s free staff in inmate civil rights, and that they certify their compliance, and that this Agency reserve the right to inspect for compliance;
4. That any and all references to Exhibits "A" through "D" be removed, expunged, from Mr. Hundal´s CDCR filse.

If any further assistance is needed, please feel free to con-tact the Claimant, Mr. Hundal, or Myself at the above address.

Respectfully submitted!

F. C. Maning, V-05847, Paralegal
Authorized Representative For
Kanwaljit Singh Hundal

Kanwaljit Singh Hundal
Kanwaljit Singh Hundal, F-59716
Claimant

cc: file



F. Maning, V-05847
Chuckawalla Valley State Prison
P.O. Box 2349
B5-117U
Blythe, CA 92226

Legal Confidential
Mail

LEGAL MAIL

LEGAL MAIL

CHUCKAWALLA VALLEY
STATE PRISON

RECEIVED
2008 JAN-NN
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LEGAL MAIL

United States Department of Justice
Office for Civil Rights
Region IX
Headquarters
450 Golden Gate Ave.
San Francisco, CA 94102

LEGAL MAIL

# EXHIBIT "A"

Description: CDCR 115, 602 And

related documents

Pages: 13

"A"

GPL: 5.7

STATE OF CALIFORNIA

# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| F-59716 | HUNDAL, K. | | 01-21-12 | CVSP | B4/123L | B07-04-0003 |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| CCR§ 3062(h) | | Grooming Standards (Beard) | | B-4 Building | 04-09-07 | 1900 Hours |

CIRCUMSTANCES   On 04-09-07 at approximately 1900 hours, while assigned as B4 Floor Officer, I observed Inmate HUNDAL, (F-59716, B4/123L) was not in compliance with grooming standards. Inmate HUNDAL's facial hair appears to extend more than one half inch as stated in CCR§ 3062(h). Inmate HUNDAL refuses to comply with grooming standards. Stating "Its my religious belief". This is a direct violation of Directors Rule 3062(h). Inmate HUNDAL was counseled at length concerning Inmate Grooming Standards and instructed to come into compliance. Inmate HUNDAL was provided access to a barber in order to come into compliance. Inmate HUNDAL received a CDC 128 on 04-05-07. Inmate HUNDAL is aware of this report and that further violations of this nature may lead to more serious disciplinary action being taken.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ P. Hein, Correctional Officer | | 04-09-07 | B4 Floor Officer | Sat/Sun |
| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
| ▶ J. Browning, Sergeant | 04-10-07 | DATE | | LOC. |
| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
| ☑ ADMINISTRATIVE ☐ SERIOUS | ADMINISTRATIVE | 4-12-07 | ▶ R. Leonard, CCII | ☑ HO ☐ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 4/12/07 | 1440 | N/A |
| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) ▶ N/A | DATE N/A | TIME N/A | BY: (STAFF'S SIGNATURE) N/A | DATE N/A | TIME N/A |

HEARING
(rw) On 04-15-07, at approximately 2000 Hours, Inmate HUNDAL, F-59716, made a personal appearance before this Hearing Officer (HO), and stated that he was in GOOD health.  Inmate HUNDAL did receive a copy of all pertinent documentation at least Twenty-Four (24) hours prior to this hearing and is ready to proceed.  Inmate HUNDAL is not a participant in a Mental Health Program and has a GPL of 5.7, therefore a Staff Assistant was NOT assigned.
INMATE PLEADS: INMATE HUNDAL plead Not Guilty and stated, "It is against my religion to cut my beard."
FINDINGS: Guilty based upon the Reporting Employee's written report and Inmate HUNDAL's appearance at this hearing.
DISPOSITION: Warned and reprimanded.
REASON FOR THIS ACTION: Deemed fair and appropriate for this specific act and rules violation.
Inmate HUNDAL has been apprised of the above finding and his right to appeal this finding per CCR§ 3084.1. He was further advised that he will receive a completed copy of this Rules Violation Report upon final audit by the Chief Disciplinary Officer (CDO).

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| M.L. HASZ, CORRECTIONAL SERGEANT (HO) | | ▶ | 04-15-07 | 2000 |
| REVIEWED BY: (SIGNATURE) ▶ K. Hughes, Facility Captain | DATE 4-16-07 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE D. Ollison, Associate Warden | | |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME 0920 |

CDC 115 (7/88)

①

CDC 128-a (rev. 4/74)

NAME and NUMBER
HUNDAL, K. F-59716 B4-123L

On 22 March, 2007, at approximately 1730 hours, Inmate Hundal, K., F-59716, B4-123L, approached the Bravo Facility Dining Facility for the evening meal and I saw that his facial hair was approximately ten inches outward from his face in a bearded fashion, in direct violation of Directors Rule 3062h. CCR, Title 15 Section 3062h states that an inmate may have facial hair but shall not extend more than one-half inch in length outward from the face. I explained the grooming standards to Hundal and ordered him to come into compliance with policy. Inmate Hundal stated that he has religious rights and that he will not be cutting his facial hair.

Date:    22 March, 2007

Original:    Cental File
CC:          Inmate
             CCI
             Author

B.J. Sloan/
Correctional Lieutenant
Bravo Facility 3/W

GENERAL CHRONO

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

RECEIVED
MAY 9 2007

Location: Institution/Parole Region  CVSP

1. Log No. 07-00392    Category 1

2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| KANWALJIT SINGH HUNDAL | F 59716 | DRLFB-041 LINE SERVER | B4 123L |

**A. Describe Problem:** Dear Sir, I have been issued 128 & 115 for grooming standards by this facility. I belong to Sikhism religion by faith in which hair symbolize divine wisdom, knowledge, spiritual strength, spiritual path to eternal life, blessings from ancestors in heaven and connection with our heavenly father (Creator). It is a violation of Religious Land Use & Institutionalized Persons Act (RLUIPA) and Religious Freedom Restoration Act [as per reference case # 418 F.3rd 989 (Warsoldier V Woodford)] to deny religious faith practice. I have requested

If you need more space, attach one additional sheet. Chaplain (Parker), Counselor Montoya for this accomodation.

**B. Action Requested:** Please issue me a chrono for exercising my religious faith and clear 128 & 115. Thanks for your kind attention.

Inmate/Parolee Signature: Kanwaljit Singh Hundal        Date Submitted: 4/18/2007

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

BYPASSED

INMATE APPEALS BRANCH
JUN 27 2007
RECEIVED

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASSED

Signature: _____        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

③

③

First Level     ☐ Granted     ☐ P. Granted     ☐ Denied     ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____     Due Date: _____

Interviewed by: _____

BYPASSED

Staff Signature: _____     Title: _____     Date Completed: _____
Division Head Approved:                                                      Returned
Signature: _____           Title: _____     Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

RECEIVED
JUN 18 2007
INMATE APPEALS OFFICE

Signature: _____                                           Date Submitted: _____

Second Level     ☐ Granted     ☐ P. Granted     ☑ Denied     ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 5-9-07     Due Date: 6-21-07
☐ See Attached Letter

Signature: _____     Date Completed: 6/4/07
Warden/Superintendent Signature: J. R. Salazar, WARDEN     Date Returned to Inmate: 6/22/07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Respected Sir, I am being discriminated by denying my religious rights despite court's ruling against prison hair policy in the past. (References: John Welch vs mule creek State Prison, Captain Howell's case in Ironwood State Prison under Roe vs wade). It is a violation of federal statute known as Religion Incarceration Constitutional protections. Thanks

Signature: Kanwaljit Singh Hundal     Date Submitted: 06/22/07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

0618033

DIRECTOR'S ACTION:     ☐ Granted     ☐ P. Granted     ☐ Denied     ☐ Other _____
☐ See Attached Letter                                                  Date: _____

CDC 602 (12/87)

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Title: _____ Returned

Signature: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level ☐ Granted   ☐ P. Granted   ☑ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 5-9-07 Due Date: 6-21-07

☑ See Attached Letter

Signature: _____ Date Completed: 6/4/07

Warden/Superintendent Signature: _____ WARDEN Date Returned to Inmate: 6/22/07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)                                    Date: _____

(4)

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*April 23, 2007*

*HUNDAL, F59716*
*B40000000000123L*

Log Number: CVSP-X-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You disciplinary appeal is incomplete. You must attach legible copies of all documents you received during the disciplinary process. For example: the completed CDC 115, Rule Violation Report, the laboratory report, the Mental Health Assessment Form, the completed CDC 115-A, Serious Rule Violation Report, the CDC 115, Investigative Employee report, supplemental reports for the CDC 115, the CDC 7219, Report of Injury, the complete CDC 837, Incident Report, and the CDC 1030, Confidential Information Disclosure Form.*

*ATTACH COPY OF CDC 128-A AS WELL AS FINALIZED COPIES (W/SIGNATURES) OF THE CDC 115, 115-A AND 115-C.*

Appeals Coordinator
CHUCKAWALLA VALLEY STATE PRISON

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.



| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*April 13, 2007*

*HUNDAL, F59716*
*B40000000000123L*

Log Number: CVSP-X-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have not adequately completed the Inmate/Parolee Appeal Form (CDC Form 602).*
*You need to sign and date the next appropriate section.*

*SIGN/DATE SECTION "B".*

MKReichle, SSA
Appeals Coordinator
CHUCKAWALLA VALLEY STATE PRISON

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.



| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

## INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



July 23, 2007

HUNDAL, KANWALJIT, F59716
Chuckawalla Valley State Prison
P.O. Box 2289
Blythe, CA  92226

RE: IAB# 0618033    CVSP-07-00392    DISCIPLINARY

Mr. HUNDAL:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.  The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

The Second Level of Review is considered the department's final action in regard to CDC Form 128-A, Custodial Chronos.
The Second Level of Review is considered the department's final action in regard to Rules Violation Reports classified as Administrative.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

N. GRANNIS, Chief
Inmate Appeals Branch



****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date:     June 4, 2007

To:       Kanwaljit Hundal, F-59716
          Chuckawalla Valley State Prison

Subject:  SECOND LEVEL APPEAL RESPONSE
                    LOG NO.:      CVSP 07-00392

ISSUE:

You are appealing a matter regarding two (2) rule infractions.  You were issued a CDC
128-A (Custodial Counseling Chrono) dated 4-5-07 and CDC 115 (rules violation report),
dated 4-9-07, for violation of grooming standards.  You contend you are not guilty.

You are requesting a religious accommodation chrono allowing you to retain your beard
at the current length and to have the CDC 128-A and CDC 115 dismissed.

INTERVIEWED BY:  M. R. Bunts, Inmate Appeals Coordinator, on 6-4-07.  In reaching
a decision, all relevant documentation was researched.

REGULATIONS:  The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3062.  Inmate
Grooming Standards.**
          (b)     An inmate's hair shall have no lettering, numbering, or
designs of any kind cut, shaved, dyed, painted or in any way placed in the
hair or on the scalp of the inmate.
          (h)     Facial hair, including short beards, mustaches, and sideburns
are permitted for male inmates and shall not extend more than one-half
inch in length outward from the face.

**CCR 3084.7.  Exceptions to the Regular Appeal Process.**
          (b)  Disciplinary Appeals.
          (1)  A second level review shall constitute the department's final
action on appeals of disciplinary actions classified as "administrative"
pursuant to section 3314; and Custodial Counseling Chronos, CDC Form
128-A (rev. 4-74), documenting minor disciplinary infractions pursuant to
section 3312(b).

**CCR 3312.  Disciplinary Methods.**
          (a) Inmate misconduct shall be handled by:
          (1) Verbal Counseling. Staff may respond to minor misconduct by
verbal counseling. When verbal counseling achieves corrective action, a
written report of the misconduct or counseling is unnecessary.
          (2) Custodial Counseling Chrono. When similar minor misconduct
recurs after verbal counseling or if documentation of minor misconduct is



KANWALJIT HUNDAL, F-59716
CASE NO. 07-00392
PAGE 2

needed, a description of the misconduct and counseling provided shall be documented on a CDC Form 128-A, Custodial Counseling Chrono. A copy of the completed form shall be provided to the inmate and the original placed in the inmate's central file. Disposition of any contraband involved shall be documented in the CDC Form 128-A.

(3) Rules Violation Report. When misconduct is believed to be a violation of law or is not minor in nature, it shall be reported on a CDC Form 115 (Rev. 7/88), Rules Violation Report.

## CCR 3320. Hearing Procedures and Time Limitations.

(l) The inmate may present documentary evidence in defense or mitigation of the charges. Any finding of guilt shall be based upon determination by the official(s) conducting the disciplinary hearing that a preponderance of evidence submitted at the hearing substantiates the charge. At the conclusion of the disciplinary hearing, the inmate shall be informed of the findings and disposition of the charge and of the right to and procedure for appeal of the action. Within five working days following review of the CDC Form 115 and CDC Form 115-A by the chief disciplinary officer, the inmate shall be provided a copy of the completed CDC Form 115 containing the findings, disposition, and evidence relied upon in reaching the conclusions.

Inmate Hundal, in reviewing all pertinent information, on 4-5-07, you were issued a CDC 128-A for Violation of Grooming Standards. This was based on your beard exceeding the allowed 1/2 inch length as prescribed in the rules and regulations. You were issued a CDC 115 dated 4-9-07, Log #B07-04-0003, for Grooming Standards (beard). You stated on both rule infractions you were not going to cut your beard for religious reasons. However, the rules and regulations stipulate in part only short beards extending 1/2 inch from the face are allowed. Therefore, both disciplinary documentations will remain in your Central File. If you are requesting a religious exemption from shaving based on religious reasons, you must contact the institutional religious coordinator, J. Abbs, Associate Warden, Business Services.

DECISION:  The appeal is denied.

You are advised this issue may be submitted for a Director's Level of Review if desired.

M. R. BUNTS
Inmate Appeals Coordinator

J.F. SALAZAR
Warden (A)

JFS/MRB/lg

cc: Central File
     Inmate Appeals

06/11/07

To    Mr. R. Bunts
      Inmate Appeal Coordinator
      Chuckawalla Valley State Prison

Dear Sir,
         I am looking for a response
to my appeals log numbers CVSP-X-07-00392
and CVSP-X-07-00438 regarding ~~regarding~~
issuing me a Chrono for exemption from
grooming standards. Even the court in the
past has ruled against prison hair policy
as shown in attachment. I have been wrongly
sent Islamic Religious Chrono while I belong
to SIKHISM religion. Hereby I am returning
the wrongfully issued Chrono and wait for the right one.
         Thanks for your time on
this matter.
Respectfully
Kanwaljit Singh Hundal
(KANWALJIT SINGH HUNDAL)
Building B3  Bed 233 L
CDC # F 59716
Chuckawalla Valley State Prison
P.O. Box 2349   BLYTE CA 92226



NAME  Hundal                          CDC NUMBER   F59716      HOUSING   B4/123L      CDC 128 G

The above named inmate is an Islamic Religious Practitioner.  The items listed below are of a sacred religious nature, but may be searched.  In order to preserve the religious sanctity of these items, <u>PLEASE HANDLE THEM</u> <u>RESPECTFULLY.</u>  The Muslim Chaplain does not need to be present when a search is conducted.  These items are used for a religious purpose and this inmate is authorized to have the following items in his locker:

- Prayer Rug (Limit 1)
- Kufi caps (Limit 2)
- Prayer Oil (Limit 8 ounces)
- Zikr Beads (Limit 2)
- Qur'an (soft cover only allowed in inmate lockers)
- Islamic Books
- Islamic CD's and Tapes
- Plastic bottles (Limit 8–1 oz)

JAY L. ABBS, Associate Warden, Complex I

Central File–ORIGINAL
Associate Warden, Business Services
Religious Program Coordinator
Inmate

DATE      5/18/07      ISLAMIC  RELIGIOUS CHRONO–CVSP                    GENERAL CHRONO



California Department of Corrections and Rehabilitation

## Religious Diet Card

Name: __HUNDAL__

CDCR #: __F59716__

Religious Diet: __SIKHISM__

CDCR 3030-B (09/05)

---

This card is valid only for the inmate named on the face. The card will be confiscated if another inmate is found in possession of this card. The card is invalid if altered in any way.

This card allows the user to receive a Religious Diet Meal. Only those inmates with a verified religious mandate will be approved. Inmates who do not strictly follow their religious mandates as presented in the approval process may have their cards revoked.

Chaplain: __JAY L. ABBS__

Issuing Institution: __CVSP__



CALIFORNIA    *Aug. 2005*

# Court rules against prison hair policy

CHRONICLE STAFF REPORT

A California prison rule requiring male inmates to keep their hair short violated the constitutional rights of an American Indian prisoner, a federal appeals court ruled Friday, citing a recent Supreme Court decision on religious freedom in prison.

A three-judge panel of the Ninth U.S. Circuit Court of Appeals rejected prison officials' claims that a three-inch limit on hair length was a valid security measure in the minimum-security prison in San Bernardino County, where Billy Warsoldier was held for 13 months on a gun conviction.

Warsoldier, a Cahuilla Indian, says members of his religion believe that they would be unable to join their ancestors in the afterlife if they cut their hair, except after the death of a close relative. He was disciplined for his refusal and had his release date briefly postponed, but he was paroled in May 2004 after the court first intervened in his case.

The court said Friday that the state's arguments — that limiting hair length made identification easier and prevented inmates from hiding weapons or contraband — were upheld in the past but are no longer valid, at least in Warsoldier's case, because of a new federal law strengthening the religious rights of inmates. The Supreme Court upheld the law in May.

Noting that the law requires the state to show a strong necessity for the rule and no reasonable alternatives, the court said the state's rationales were undermined by the fact that no such restriction applies to female prisoners; that federal prisons and some states either allow long hair or exempt religious believers, and that security needs are less stringent in a minimum-security prison.



State of California                 MULE CREEK-WARDEN

209 274 4861      P.01/01
Department of Corrections and Rehabilitation

# Memorandum

Date:     August 28, 2006

To:       Mule Creek State Prison Employees

Subject:  RELIGION IN PRISON

*post*

The United States Constitution's first amendment guarantees people of all faiths the right to worship freely. This right is also afforded to incarcerated persons. Under federal statute, known as Religion Incarceration Constitutional Protections, religious rights cannot be denied inmates. Reforms mandated by the courts are continually increasing our responsibilities as correctional employees. Personal judgments regarding religion and inmates are not permitted to interfere with your professional conduct on the job.

California currently hires chaplains for five recognized faith groups: Catholic, Protestant, Jewish, Muslim and Native American. All chaplains are required to direct their own faith worship/education program. They must also provide pastoral counseling and supervision to all inmates and religious groups, not served by the five main faith groups.

We as State employees are not to judge or ridicule individual religious preferences. Our Chaplains regularly hear, "if they are so religious, what are they doing in prison?" Mistakes can be made. Corrections (as is our name) can also be made. Offenders who committed serious crimes are dealt with by incarceration, but all offenders are entitled to religious rights.

We are all part of the Corrections Team. Chaplains teach Anger Management, Addiction Recovery, Conflict Resolution and Group Therapy Dynamics. Chaplains provide counseling in emergency family situations. Chaplains also restore family ties. Chaplains are California Department of Corrections and Rehabilitation liaisons to the religious community to provide donations, volunteers, and services to inmates, parolees and their families. Chaplains visit the Facilities, Administrative Segregation, Minimum Support Facility, and interact with religious organizations on a regular basis.

As correctional employees, your support of the Religious Program is expected and appreciated.

ROSANNE CAMPBELL
Warden (A)
Mule Creek State Prison

B

# EXHIBIT "B"

Description: _CDCR 115, 602 And_

_Related documents_

Pages: _15_

(RW)
CDC-804 SENT TO RECORDS ON 04-19-07
ETH: OTH                      DOB: *06-15-58         GPL:5.7
STATE OF CALIFORNIA

# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| F-59716 | HUNDAL | | 02-21-12 | C.V.S.P. | B4-123 | B07-04-0006 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR§ 3062(h) | GROOMING STANDARDS (Beard) | | B-FAC. | 04-17-07 | 2000 |

CIRCUMSTANCES

On Tuesday, April 17, 2007, at approximately 2000 hours, while performing my duties as B4 Housing Unit Floor Officer, I observed Inmate HUNDAL (F-59716, B4-123L) to be in violation of the new grooming standard policy, per CCR 3062(h), specifically (Facial Hair), including short beards shall not extend more than one-half inch in length outward from the face. Inmate HUNDAL received a CDC-128A on 03-22-07 and an administrative CDC-115 on 04-09-07 for the same offense. On 04-17-07 Inmate HUNDAL's facial hair "Beard" length does not comply with the limits set forth in the grooming standard policy. This is Inmate HUNDAL's third such rule violation. Inmate HUNDAL is aware of the progressive disciplinary action.

NOTE: At the time of this report, Inmate HUNDAL was not a participant in the Mental Health Service Delivery System (MHSDS).

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ► S. ELLIS, Correctional Officer | | 4/18/07 | B-4 FLOOR | F/S |

| REVIEWING/INS SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|---|
| ► J. BROWNING, B-SERGEANT (3/W) | | 4-18-07 | | | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | DATE N/A | LOC. N/A |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | 0-30 DAYS "F" | 4-19-07 | ► R. LEONARD, Correctional Counselor-II | | HEARING REFERRED TO ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ► | 4/20/07 | 1515 | N/A |

| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|---|---|---|
| | ► N/A | N/A | N/A | ► N/A | N/A | N/A | |

HEARING (MR) On 04-22-07, at approximately 2000 Hours, Inmate HUNDAL (F-59716), made a personal appearance before this Senior Hearing Officer (SHO), and stated that he was in GOOD health. Inmate HUNDAL received a copy of all pertinent documentation at least twenty-four (24) hours prior to this hearing and is ready to proceed. Inmate HUNDAL is not a participant in a Mental Health Program.
INVESTIGATIVE EMPLOYEE: Not assigned per CCR§ 3315(d)(1), Inmate not segregated; issues not complex.
STAFF ASSISTANT: Not assigned per CCR§ 3315(d)(2), Inmate is not illiterate and confidential relationship is not necessary. Inmate HUNDAL has a GPL of 5.7 and effectively communicated in English during this hearing.
REPORTING EMPLOYEE REQUESTED AT HEARING: Not requested by Inmate HUNDAL.
STAFF AND/OR INMATE WITNESSES REQUESTED AT HEARING: Not requested by Inmate HUNDAL.
PLEA/STATEMENT: Inmate HUNDAL plead "Not Guilty" and stated, (Continued on CDC-115C).
FINDINGS: Guilty of violating CCR§ 3062(h), specifically "GROOMING STANDARDS", based upon the preponderance of evidence submitted at the Hearing which substantiates the charge. This evidence includes: (Continued on CDC-115C)
DISPOSITION: Assessed Thirty (30) days Loss of Behavior/Work Credit, consistent with the schedule provided in CCR§ 3323 (Disciplinary Credit Forfeiture Schedule) for a Division "F" offense.
REASON FOR THIS ACTION: Deemed fair and appropriate for this specific act and rules violation.
CONTINUED ON CDC-115 PART-C

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| B. J. SLOAN, CORR. LIEUTENANT (SHO) | ► | 4-22-07 | 2100 |

| REVIEWED BY: (SIGNATURE) | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|---|
| ► K. HUGHES, FACILITY CAPTAIN | Hughes | 4/24/07 | ► D. OLLISON, ASSOCIATE WARDEN | 4/24/07 |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ► | 4-25-07 | 1020 |

CDC 115 (7/88)                        ①

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C

PAGE ___ OF ___

| DC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-56716 | HINDAL | E07-04-0006 | C.V.S.P. | 04-22-07 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

INMATE PLEA/STATEMENT - CONTINUED:

The above mentioned circumstances were read aloud to Inmate HINDAL, and he elected to plead "Not Guilty." Inmate HINDAL was asked if he had any statement to make and he stated, "It is my religious belief to have a beard. I will not cut my beard".

FINDINGS - CONTINUED:

1) The Reporting Employee's written report wherein Correctional Officer Ellis said that Inmate HINDAL has failed to comply with the departmental Grooming Standards by having his facial hair longer than 1/2 inch.

2) Coupled with HINDAL'S statement of refusing to trim his beard to one-half inch stating religious beliefs.

Inmate HINDAL has been counseled, warned and reprimanded regarding future behavioral expectations.

Inmate HINDAL has been apprised of the above findings and his right to appeal this finding per CCR§ 3084.1. He was further advised that he will receive a completed copy of this Rules Violation Report upon final audit by the Chief Disciplinary Officer.

Inmate HINDAL also was advised of his right to restoration of credits under CCR§ 3327 and 3328.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| E.J. SLOAN, CORR. LIEUTENANT (SHO) | | 04-22-07 |

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | | |

DC 115-C (5/95)   ②

   OSP 99 25082

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| | | | | | |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution.
INMATE'S SIGNATURE ▶  DATE

☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution.
INMATE'S SIGNATURE ▶  DATE

DATE NOTICE OF OUTCOME RECEIVED  DISPOSITION

☐ **I REVOKE** my request for postponement.
INMATE'S SIGNATURE ▶  DATE

## STAFF ASSISTANT

STAFF ASSISTANT
☐ REQUESTED  ☐ WAIVED BY INMATE   INMATE'S SIGNATURE ▶   DATE
☐ ASSIGNED  DATE  NAME OF STAFF
☐ NOT ASSIGNED  REASON

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE
☐ REQUESTED  ☐ WAIVED BY INMATE   INMATE'S SIGNATURE ▶   DATE
☐ ASSIGNED  DATE  NAME OF STAFF
☐ NOT ASSIGNED  REASON

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

INVESTIGATOR'S SIGNATURE ▶  DATE

☐ COPY OF CDC 115-A GIVEN INMATE  BY: (STAFF'S SIGNATURE)  TIME  DATE

CDC 115-A (7/88)  ③  — If additional space is required use supplemental pages —  OSP 03 74845

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

RECEIVED
JUN 22 2007

Location: [Institution/Parole Region] — DWSP

Log No. 1. 07-00517    2.

Category 11

DEPARTMENT OF CORRECTIONS

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME KANWALJIT SINGH HUNDAL    NUMBER F59716    ASSIGNMENT DRLFB-041 LINE SERVER    UNIT/ROOM NUMBER B4-123L

A. Describe Problem: Dear Sir, In response to 115 (Dated 4/17/07, Log No B07-04-0006) issued to me, I state my faith is in Sikhism religion in which hair symbolize divine wisdom, spiritual strength, spiritual path to eternal life, blessings from ancestors in heaven and connection with heavenly father (Creator). It is a violation of Religious Land Use and Institutionalized Persons Act to deny religious faith practices. (Reference Case # 418 F.3rd 989 Warsoldier V Woodford). I have requested chaplain Parker, Associate Warden J.L. Abbs and counselor

If you need more space, attach one additional sheet.  Montoya for this accomodation.

B. Action Requested: Please issue me a chrono for exercising my religious faith and clear 115 from my record. Thanks for your kind attention.

Inmate/Parolee Signature: Kanwaljit Singh Hundal    Date Submitted: 04/25/07    05/30/07 05/15/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

**BYPASSED**

RECEIVED SEP 24 2007 INMATE APPEALS BRANCH   FLR

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASSED**

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim    CDC Appeal Number:

(4)

First Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __6-22-07__    Due Date: __8-6-07__

Interviewed by: SEE ATTACHED.

_____

Staff Signature: _____    Title: CATHOLIC CHAPLAIN    Date Completed: 7/29/07

Division Head Approved:
Signature: _____    Title: AW    Returned
Date to Inmate: 8-6-07

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

As per Sikhism faith, to which I belong to the hair (including head and facial hair) must be kept and respected as they grow naturally to their full length. Religious rights are protected by Religion Incarceration Constitutional Protections.

Signature: Kanwaljit Singh Hundal    Date Submitted: 8/4/07

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 8-28-07    Due Date: 9-6-07

☒ See Attached Letter

RECEIVED
SEP 5 2007
INMATE APPEALS OFFICE

Signature: _____    Date Completed: 8/29/07

Warden/Superintendent Signature: _____    Date Returned to Inmate: 9/10/07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

APPELLANT is dissatisfied with respondent's response of 8-27-07 (Returned 9-10-07) and objects hereto. Respondent argues two factors: i. that appellant violated "Inmate grooming standards" 15 Cal. Code Regs § 3062 (h) "An inmate's face shall be clean shaven at all times, except as follows:" and, "Appeal Time limits", 15 Cal. Code Regs. & 3084.6 (c) which states "Inmate or parolee response. An appellant must submit the appeal within 15 working days of the event or decision being

Signature: Kanwaljit Singh Hundal    Date Submitted: 09/17/07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

SEE ATTACHED PART "H" CONTINUED

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)    Date: _____

0709271

Page 1

appealed, or receiving an unacceptable lower level appeal decision."

I. Inmate Position and Legal Argument

A. Appeal Time limits

Respondent erroneously and frivolously applies time lapse (limits). Appellant, filed and submitted his inmate appeal (hereinafter 602) initially on 4-25-07, the date of the decision in CDCR 115. On 5-7-07, CVSP's Appeals Coordinator returned said (602) stating that Appellant cannot more than one (1) non-emergency appeal within a seven-calendar day period." of which Appellant did submit another appeal. Appellant then resubmitted said 602 within the "15 day compliance" so stated in the footnote instruction(s), on 5-15-07, said appeal was resubmitted to CVSP Appeals Coordinator, pursuant to your instructions (15 Cal. Code Regs. §3084.4 (d). On 5-21-07, Appellant's 602 was screened out, again citing that Appellant submitted two (2) appeals in the same seven day period. Except Appellant had no other appeal, also asking for a finalized copy of the CDC 115-A, and instructing to resubmit after 5-28-07. Appellant resubmitted on 5-30-07. See attached inmate appeal (602) Appellant was screened again on 6-11-07, asking for a finalized copy of the CDC 115-A. Appellant complied and followed the instructions set forth in the footnote and resubmitted on 6-15-07. If Appellant was late or had his time lapse then why did CVSP's Appeals coordinator continue the process? By wasting more time and money! Further Appellant followed their instructions and complied with their demands. It appears that Respondent is attempting to obstruct the process in an attempt to protect CDCR and CVSP from the following.

B. CVSP Staff and Officials Denied, Obstructed Deprived, Interfered, Punished, coerced and intimidated Appellant based upon his national origin and his religion.

Appellant's, national origin or race is that of India(N) and Appellant's ancestral religion is that of Sikhism. Sikhism is a recognized religion. See Britannica 15th Ed. 1995 a Page 799-800, also see Encyclopedia of American Religions, 1st Ed. 1988 Gale Research Co. at page 793-794. Appellant's religious freedom and the right to exercise it is protected in numerous ways. First, The U.S. Constitution

(reverse) or 2)

⑤

Page 2

by its framers, thought that religious freedom was first and foremost. So they did so by making it the very first Amendment in our Constitution. California's Legislature enacted Article I Sec. 4. with replicate language in both. I. Amend. states: "[Section 1.] Congress shall make no law respecting an establishment of relig-ion or prohibiting the free excercise thereof;...." Further CDCR upon the receipt of Federal financial assistance, this state and it's subordinate Agency(s) are mandated to comply with Federal nondiscrimination requirements. see. 42 USCA §§ 300-300w-7, 2000a et-seq; 2000 b. Congress went even further when it enacted the "Relig-ious Exercise Inland use and by Instutionalized Persons Act" (hereinafter RLUIPA). See 42 USCA § 2000 cc et seq. The U.S. Supreme Court in Cutter v. Wilkinson 544 U.S. (2005) held RLUIPA. Constitutional and that it applies to State Prisons. Even California's Legislature via the Unruh Civil Rights Act (named after former Speaker of the Assembly, Jesse M. Unruh). Civil Code §§ 51 et seq., Section(s) 52.1 and 52.3 deal directly with actions while under color of authority and Law Enforcement Officers as liable for discrimination based upon religious beliefs and race or national origin. Furtherer it is a crime under U.S. and California Law for such actions. See 18 USCA §§ 241, 242, 243 and 245; Penal Code §§ 422.6 - 422.95. An action is also causable under 42 USCA §§ 1983 or 1985. Under Section(s) 2000 et seq., the action maybe brought by the U.S. Attorney on behalf of a victim. Prison officials must show good cause as security or hygiene as reasons. See Swift v. Lewis, 901 F.2d 730 (9th Cir. 1990), as is not the case here. Respondent Appeals Coordination claims that Appellant violated two (2) sections of regulations contained in Title 15, Yet negates the two Constitutional Provisions and Protections, as well as over twenty statutory enactments designed to further protect same. That the attached responces and CDC 115 "clearly" describe "conspiracy to viol-ate Civil Rights", "Conspiracy to cover-up civil rights violation", and retaliation for defending a protected activity. See 18 USCA §§ 241 and 245, felonies.

Further, Respondents issue regarding a time lapse, based upon the atta-ched evidence is frivolous, and without merit. As respondent screened and supplied new submission dates. Not Appellant. As it appears this is just a tactic to obstruct, bar and hinder PLRA requirements for exhaustion of administrative remedies. In essence obstruction of process.

cc: U.S.D.O.J. Office for Civil Rights, Region IX, S.F.
    Three Judge Panel re. Plata/Madrid/Coleman

2

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION

ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



October 30, 2007

HUNDAL, KANWALJIT, F59716
Chuckawalla Valley State Prison
P.O. Box 2289
Blythe, CA  92226

RE: IAB# 0709271    CVSP-07-00517    PROGRAM

Mr. HUNDAL:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal is incomplete, please include the following supporting documentation:

- First Level of Review Decision Letter

N. GRANNIS, Chief
Inmate Appeals Branch



****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

ATTACHMENT TO INMATE/PAROLE APPEAL FORM

HUNDAL F-59716
CVSP-X-07-00517

**DENIED**, based upon the following facts:

1. This institution (CVSP) and others alike do not prohibit the long length of hair on the head, which is protected by the Federal Constitution and other related laws for the religious rights (Freedom of Religious Practice), however the growing of facial hair is prohibited when it exceeds one-half inch in length.

2. CDCR Title 15, 3062(h) states, "Facial hair, including short beards, mustaches, and sideburns are permitted for male inmates and shall not extend more than one inch in length outward from the face."

Based on the facts described above, the action requested on CDC 602 is **DENIED**.



State of California

Department of Corrections and Rehabilitation

# Memorandum

Date:     August 27, 2007

To:     Kanwaljit Hundal, F-59716
        Chuckawalla Valley State Prison

Subject:   SECOND LEVEL APPEAL RESPONSE
           LOG NO.:     CVSP 07-00517

ISSUE:

You are appealing a matter regarding your program. You have been issued a rules violation report (CDC 115) for violating departmental mandated grooming standards by not keeping your beard length at one half inch. You contend this was inappropriate.

You are requesting you be issued a chrono to be able to exercise your religious faith and have the CDC 115 be dismissed and expunged from your Central File (C-File)

INTERVIEWED BY: H. Han, Catholic Chaplain on 7-29-07. In reaching a decision, all relevant documentation was researched by M. R. Bunts, Inmate Appeals Coordinator.

REGULATIONS:   The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3062. Inmate Grooming Standards.**
        (h) An inmate's face shall be clean shaven at all times, except as follows:

**CCR 3084.6.   Appeal Time Limits.**
        (c) Inmate or parolee response. An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision.

Inmate Hundal, in reviewing all pertinent information, on 4-17-07, you received a CDC 115, Log #B07-04-0006, for Grooming Standards (Beard) and you were subsequently found guilty. You contend according to the tenets of your religion (Sikhism) head and facial hair should grow naturally to their full length. You feel the receipt of the CDC 115 violated your rights to exercise your religious freedom. All relevant case factors were evaluated. The California Department of Corrections and Rehabilitation (CDCR) instituted new grooming standards in response to litigation. The settlement allowed inmates to grow hair to any length with limitations: does not extend over the eyebrows or cover the face; maintained neat and clean. Additionally, the litigation provided inmates the right to grow beards; however, the beards could extend no more than one-half inch in length outward from the face. Your beard exceeded the limits provided for in the CCR Title 15. Therefore, you were appropriately issued the above CDC 115. The institution has not violated your right to practice your religion and is in compliance with the rules



KANWALJIT HUNDAL, F-59716
CASE NO. 07-00517
PAGE 2

and regulations.  Finally, the issue regarding your CDC 115 will not be addressed as it was not submitted in a timely manner.

<u>DECISION</u>:  The appeal is granted in part.

You are advised this issue may be submitted for a Director's Level of Review if desired.

M. R. BUNTS
Inmate Appeals Coordinator

J.F. SALAZAR
Warden

JFS/MRB/lg

cc:  Central File
     Inmate Appeals

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*May 21, 2007*

*HUNDAL, F59716*
*B30000000000233L*

Log Number: CVSP-X-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You may only submit one (1) non-emergency appeal within a seven-calendar day period.*

*2ND REQUEST*
*RESUBMIT AFTER 5-28-07 ALSO ATTACH FINALIZED COPY OF CDC 115-A.*

Appeals Coordinator
CHUCKAWALLA VALLEY STATE PRISON

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.



**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*May 7, 2007*

*HUNDAL, F59716*
*B40000000000123L*

Log Number: CVSP-X-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You may only submit one (1) non-emergency appeal within a seven-calendar day period.*

*ONLY ONE 602 PER 7 DAY PERIOD.  RESUBMIT AFTER 5-14-07.*

Appeals Coordinator
CHUCKAWALLA VALLEY STATE PRISON

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d).  This screening decision may not be appealed.  If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents.  You have only 15 days to comply with the above directives.



**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

CALIFORNIA    AUG. 2005

# Court rules against prison hair policy

CHRONICLE STAFF REPORT

A California prison rule requiring male inmates to keep their hair short violated the constitutional rights of an American Indian prisoner, a federal appeals court ruled Friday, citing a recent Supreme Court decision on religious freedom in prison.

A three-judge panel of the Ninth U.S. Circuit Court of Appeals rejected prison officials' claims that a three-inch limit on hair length was a valid security measure in the minimum-security prison in San Bernardino County, where Billy Warsoldier was held for 13 months on a gun conviction.

Warsoldier, a Cahuilla Indian, says members of his religion believe that they would be unable to join their ancestors in the afterlife if they cut their hair, except after the death of a close relative. He was disciplined for his refusal and had his release date briefly postponed, but he was paroled in May 2004 after the court first intervened in his case.

The court said Friday that the state's arguments — that limiting hair length made identification easier and prevented inmates from hiding weapons or contraband — were upheld in the past but are no longer valid, at least in Warsoldier's case, because of a new federal law strengthening the religious rights of inmates. The Supreme Court upheld the law in May.

Noting that the law requires the state to show a strong necessity for the rule and no reasonable alternatives, the court said the state's rationales were undermined by the fact that no such restriction applies to female prisoners; that federal prisons and some states either allow long hair or exempt religious believers, and that security needs are less stringent in a minimum-security prison.



State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

June 11, 2007

*HUNDAL, F59716*
*B30000000000233L*

Log Number: CVSP-X-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your appeal is incomplete. You must include supporting documentation. All documents must be legible. (If necessary, you may obtain copy(ies) of requested documents by sending your request with a signed trust withdrawal form to your assigned counselor.) Your appeal is missing:*

*2nd Request*
*ATTACH FINALIZED COPY OF CDC 115-A.*

*MKRuehle, SSA*
Appeals Coordinator
CHUCKAWALLA VALLEY STATE PRISON

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

(13)



## Sikh Temple Modesto/Ceres

N⁰ 002051

P.O. BOX 2161
CERES, CALIFORNIA 95307
(209) 538-4100

June 19, 2007

To Whom It May Concern:

Mr. Kanwaljit S. Hundal belongs to Sikhism religion by faith. As per the
faith in Sikh holy scripture, the hair symbolizes the divine knowledge,
wisdom, spiritual strength, and spiritual path to eternal life, Blessings from
ancestors in heaven and connection with our heavenly father (creator), Sikhs
regard hair as a sacred blessing from lord.

Sincerely,

Alam Singh
Head Priest



5713 East Hatch Road. Hughson, California 95326

State of California                MULE CREEK-WARDEN



209 274 4361    P.01/01
Department of Corrections and Rehabilitation

# Memorandum

Date:    August 28, 2006

To:    Mule Creek State Prison Employees

Subject:    RELIGION IN PRISON

The United States Constitution's first amendment guarantees people of all faiths the right to worship freely. This right is also afforded to incarcerated persons. Under federal statute, known as Religion Incarceration Constitutional Protections, religious rights cannot be denied inmates. Reforms mandated by the courts are continually increasing our responsibilities as correctional employees. Personal judgments regarding religion and inmates are not permitted to interfere with your professional conduct on the job.

California currently hires chaplains for five recognized faith groups: Catholic, Protestant, Jewish, Muslim and Native American. All chaplains are required to direct their own faith worship/education program. They must also provide pastoral counseling and supervision to all inmates and religious groups, not served by the five main faith groups.

We as State employees are not to judge or ridicule individual religious preferences. Our Chaplains regularly hear, "if they are so religious, what are they doing in prison?" Mistakes can be made. Corrections (as is our name) can also be made. Offenders who committed serious crimes are dealt with by incarceration, but all offenders are entitled to religious rights.

We are all part of the Corrections Team. Chaplains teach Anger Management, Addiction Recovery, Conflict Resolution and Group Therapy Dynamics. Chaplains provide counseling in emergency family situations. Chaplains also restore family ties. Chaplains are California Department of Corrections and Rehabilitation liaisons to the religious community to provide donations, volunteers, and services to inmates, parolees and their families. Chaplains visit the Facilities, Administrative Segregation, Minimum Support Facility, and interact with religious organizations on a regular basis.

As correctional employees, your support of the Religious Program is expected and appreciated.

ROSANNE CAMPBELL
Warden (A)
Mule Creek State Prison





Description: _CDCR 115, 602 And_

_Related Documents_

Pages: _19_



STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS
# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| F-59716 | HINDAL | | 1990 | C.V.S.P. | B4-123L | F07-04-015 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR 3062(h) | GROOMING STANDARDS (Beard) | | B-FAC. | 04-05-07 | 2120 |

CIRCUMSTANCES

On Thursday, April 25, 2007, at approximately 2120 hours, while ASSIGNED AS B4 Floor Officer, I observed Inmate HINDAL, (F-59716, B4-123L) to be out of compliance with grooming standards. Inmate HINDAL, K. Facial hair appears to be much longer than the allowable length of one-half inch. I counseled Inmate HINDAL, K. about his facial hair. Inmate HINDAL, K. said " He had a Chrono from the Chaplain". Inmate HINDAL, K. has recieved a (128) and Two CDC-115's concerning his facial hair. But Inmate HINDAL, K. continues to refuse to comply with CCR 3062(h) Stating "It's part of My Religion". Inmate HINDAL, K. is aware of this report.

<u>NOTE</u>: At the time of this report, Inmate HINDAL was not a participant in the Mental Health Service Delivery System (MHSDS).

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ P.R. HEIN, Correctional Officer | | 4-31-07 | B-4 FLOOR | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ▶ J. BROWN, B-SERGEANT (S/A) | | | DATE N/A | LOC. N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | | | ☐ HO | ☐ SHO | ☐ SC | ☐ FC |
| ☐ SERIOUS | F | 4-21-07 | ▶ D. LOPEZ, Correctional Counselor-II | | | | | |

## COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | | DATE | TIME | TITLE OF SUPPLEMENT | |
|---|---|---|---|---|---|---|
| | ▶ | | | | N/A | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|---|---|---|---|
| N/A | ▶ N/A | | N/A | | ▶ N/A | N/A | | N/A |

HEARING

(HE) On 05-02-07, at approximately 1930 hours, Inmate HINDAL, (F-59716, B4-123L), made a personal appearance before this Senior Hearing Officer (SHO), and stated that he was in good health. Inmate HINDAL did receive a copy of all pertinent documentation at least Twenty-Four (24) hours prior to this hearing and is ready to proceed. Inmate HINDAL is not a participant in a Mental Health Program and has a GPL of 5.7, therefore a Staff Assistant was not assigned.

INVESTIGATIVE EMPLOYEE: Not assigned per CCR3315(d)(1), Inmate not segregated; issues not complex.
STAFF ASSISTANT: Not assigned per CCR3315(d)(2), Inmate is not illiterate and confidential relationship is not necessary. Inmate HINDAL has a GPL 5.7 and effectively communicated in English during this hearing.
REPORTING EMPLOYEE REQUESTED AT HEARING: Not requested by Inmate HINDAL.
STAFF AND/OR INMATE WITNESSES REQUESTED AT HEARING: Not requested by Inmate HINDAL.
PLEA/STATEMENT: Inmate HINDAL plead "Not Guilty", and stated,"It's against my religious beliefs.
FINDINGS: Guilty of violating CCR 3062(h) Grooming Standards, based upon the preponderance of evidence submitted at the hearing which substantiates the charge. (CONTINUATION ON CDC-115-C)
DISPOSITION: Assessed Thirty (30) days Loss of Behavior/Work Credit, consistent with the schedule provided in CCR3323 (Disciplinary Credit Forfeiture Schedule) for a Division "F" offense and 90 Days of loss of privileges effective from: 05-02-07 to 08-01-07 (NO dayroom,NO telephone,NO yard and NO 3rd quarter package. Assessed 40 hours of extra-duty to

| ☐ REFERRED TO ☒ CLASSIFICATION | ☐ BPT/NAEA | supervision of dorm staff. REFER PER C-STATE. | | | | |
|---|---|---|---|---|---|---|

ACTION BY: (TYPED NAME) J.R.T. deemed most appropriate for this specific act and rules violation. | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|
| R.J. SIGAL CORRECTIONAL LIEUTENANT (SHO) | | | 05-02-07 1930 |

| REVIEWED BY: (SIGNATURE) | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE |
|---|---|---|---|---|---|
| ▶ J. STODDARD CORRECTIONAL CAPTAIN | | 5-4-07 | ▶ D. JUDD, ASSOCIATE WARDEN | | 5/4/07 |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|---|---|

CDC 115 (7/88)



STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| F-59716 | HUNDAL | B07-04-0015 | CVSP | 05-02-07 |

☐ SUPPLEMENTAL   ☑ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE REPORT   ☐ OTHER_____

FINDINGS::Officer P.R. HEIN said that Inmate HUNDAL continues to be out of compliance with Departmental Grooming Standards policy by maintaining a beard that is longer than 1/2 inch.

IS coupled with HUNDAL's partial admission of guilt by maintaining a beard over 1/2 inch in length, and his refusal to come into compliance with state grooming standards./

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| B.J. SLOAN- CORRECTIONAL LIEUTENANT |  | 05-02-07 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | | | |

CDC 115-C (5/95)

OSP 99 25082



STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS
## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| F-50716 | HEROYAL | CCR 3062(l) | 04-25-07 | C.V.S.P. | R07-04-0015 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES  ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |

DATE NOTICE OF OUTCOME RECEIVED        DISPOSITION

N/A

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | | |

### STAFF ASSISTANT

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED    DATE    NAME OF STAFF | | |
| ☒ NOT ASSIGNED    REASON  NOT ASSIGNED DUE TO INMATES GPL PER CCR3315(d)(2). | | |

### INVESTIGATIVE EMPLOYEE

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED    DATE    NAME OF STAFF | | |
| ☒ NOT ASSIGNED    REASON  NOT ASSIGNED DUE TO INMATE NOT BEING SEGREGATED PER CCR3315(d)(1). | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N/A | ☐ | ☐ | N/A | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| INVESTIGATOR'S SIGNATURE | DATE |
|---|---|
| ▶ N/A | N/A |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |
|---|---|---|---|
| | | 1615 | 4/3/0 |

CDC 115-A (7/88)        ③        — If additional space is required use supplemental pages —        OSP 03 74845

NAME and NUMBER    **HUNDAL**        F-59716    B4-123L

CDC-128-B Rev. 4/74

On 05-02-07, Inmate HUNDAL, (F-59716, B4-123L) was present for his CDC-115 hearing (LOG B07-04-0015) which was adjudicated in a finding of guilty. Inmate HUNDAL was assessed a Loss of Privileges for NINETY (90) days, commencing on 05-02-07 through 08-01-07 as listed below.
**NO YARD/RECREATION, NO DAYROOM ACTIVITIES,** NO THIRD QUARTER PACKAGE, **and NO TELEPHONE** (Unless verified emergency). NOTE: Inmate will be allowed  yard from Monday through Friday to coincide with C-Status Inmate's yard hours (1300-1500 hours).  Inmate HUNDAL is aware  that failure to comply with the Loss of Privilege(s) will result in the issuance of a serious CDC-115.

Orig:  C-file
  cc:   Inmate
        Writer/Housing Unit

B.J. SLOAN, Correctional Lieutenant
Senior Hearing Officer of Record
CVSP

DATE
      05-02-07        [LOSS OF PRIVILEGES]                    GENERAL CHRONO



## GIVEN TO EACH INMATE AT TIME OF HEARING

INFORMATION ON CREDIT FORFEITURE/RESTORATION/DISCIPLINARY-FREE CRITERIA/TIME-FRAME/APPEAL

1.  Chief Disciplinary Officer (Associate Warden)-all disciplinary methods and actions shall be reviewed by C.D.O. - C.C.R. #3312B(b).
2.  The C.D.O. shall affirm, reverse or modify the disciplinary action and/or Credit Forfeiture. The C.D.O. may order a different method of discipline, or dismiss a charge, order a rehearing of the charge, or combine any of these actions. C.C.R. #3312B(b)(j).
3.  (A)  Before the disciplinary hearing the official who initially classified the 115, or staff at a higher level, may change the classification of a 115, C.C.R. #3313C(i)
    (B)  During the disciplinary hearing, the official conducting the hearing, may change a serious classification to administrative as a finding of the hearing, C.C.R. #3312(2).
    (C)  Before or after the disciplinary hearing, the C.D.O. may change a serious classification to administrative, C.C.R. #3313(3).
    (D)  After the disciplinary hearing, and administrative classification shall not be changed to serious, unless the C.D.O. or Director orders a rehearing of the charges as a serious rule violation, C.C.R. #3313.4
4.  (A)  When a rehearing is ordered by the C.D.O., the inmate will be provided all rights an procedural safeguards of a rule violation hearing, C.C.R. #3313 4(A).
    (B)  An order for rehearing shall be in writing and shall include the reasons for the order. A copy of the order shall be provided to the inmate, C.C.R. #3313 4(B)
    (C)  If the CDC 115 is reclassified from administrative to serious, the inmate shall receive written notice and shall be subject to the provisions of Section C.C.R. #3315 of the C.C.R.

## DISCIPLINARY CREDIT FOREFITURE SCHEDULE

DIVISION A-1 ......................................... OFFENSE .............. 181-360 ......................................................... DAYS LOSS
DIVISION A-2 ......................................... OFFENSE .............. 151-180 ......................................................... DAYS LOSS
DIVISION B ......................................... OFFENSE .............. 121-150 ......................................................... DAYS LOSS
DIVISION C ......................................... OFFENSE .............. 91-120 ......................................................... DAYS LOSS
DIVISION D ......................................... OFFENSE .............. 61-90 ......................................................... DAYS LOSS
DIVISION E ......................................... OFFENSE .............. 31-60 ......................................................... DAYS LOSS
DIVISION F ......................................... OFFENSE .............. 0-30 ......................................................... DAYS LOSS

## RESTORATION OF FOREFITURED CREDITS

(A)  Credit that has been forfeited for a serious disciplinary offense shall be considered for restoration in accordance with the provisions of this Section C.C.R. #3327.
(B)  Credit restoration shall be forfeited, if the inmate is found guilty of any rule violation within the required disciplinary free periods provided in Section #3328.

NO credit shall be restored for any misconduct which resulted in the victim's death or permanent disability, C.C.R. #3327(1).

Upon completion of a disciplinary free period as provided in C.C.R. #3328, an eligible inmate may apply to their counselor for credit restoration, by submitting a Form 958 "Application for Inmates's Restoration of Credits." A restoration hearing shall be conducted with 30 days of the inmates application. The inmate has a right to be present at the hearing and to a written decision of the committee. If the inmate doesn't meet the criteria for a credit restoration hearing, the counselor shall note the reason on the 958 and return it to the inmate, C.C.R. #3327 (1)(2).

## DISCIPLINARY - FREE PERIODS

(A)  A disciplinary-free period shall commence the day following issuance of the CDC 115, C.C.R. #3328.

DIVISION A-1 OR A-2 OFFENSE: No credit will be restored for an A-1 or A-2 offense, per administrative bulletin 96/4.
DIVISION B OR C OFFENSE: No credit will be restored for a "B" or "C" offense, per administrative bulletin 96/4.
DIVISION D OR E OFFENSE: may apply for restoration of 100% after inmate has remained disciplinary-free for six months.
EXCEPTION: If less than six months remains before the inmates established release date, a one time application may be made with 90 days of the established release date. If the inmate has remained disciplinary-free for the entire period and at least one month, C.C.R. #3328 (D).

*all eligible divisions for restoration of credits - divisions "D", "E" and "F", will be subject to the provisions of C.C.R. Section 3327. (D.O.M. 52080.16). Exceptions to restoration time-frames are found C.C.R #3329 - Extraordinary Circumstances.

## APPEALS

If you are dissatisfied with the disposition of a disciplinary action, you may request a review of the matter by submitting a CDC - 602 form along with the final copy of the CDC 115, signed by the C.D.O. to the Administrative Services Appeals Coordinator, C.C.R. #3084.5(2)(B). Attach corroborating substantiation as applicable.

You were found guilty of a Division __"F"__ offense.

You were assessed __30__ days loss of credit.

Log #: __B07-04-0015__

Charge of: ~~GROOMING STANDARDS (Beard)~~

This notice of Rights and Information was given to Inmate: __HUNDAL, F 59716__

On: __5-2-07__
(Date)

Hearing Officer: __B.J. SLOAN LT__
(Name)

cc:  Inmate
     Associate Warden complex I
     Associate Warden complex II
     Final copy Lt's file



# CHUCKAWALLA VALLEY STATE PRISON

## ADMINISTRATIVE DISCIPLINARY ACTION REPORT
## EXTRA DUTY AND LOSS OF PRIVILEGES
## BRAVO FACILITY

| INMATE'S NAME | CDC NUMBER | HOUSING | LOG NUMBER |
|---|---|---|---|
| HUNDAL | F-59716 | B4-123L | B07-04-0015 |

- *Inmate is aware that failure to perform and complete Extra Duty by completion date listed below will result in a Serious CDC-115 being issued.*
- *Staff please note: Extra Duty will be performed in increments of no more than four (4) hours.*
- 

NUMBER OF HOURS ASSESSED: 40 HOURS          TO BE COMPLETED BY: 06-01-07

### SUPERVISOR'S VERIFICATION OF HOURS WORKED

| DATE WORKED | HOURS | SUPERVISOR'S NAME | SUPERVISOR'S SIGNATURE |
|---|---|---|---|
| 5-11-07 | 2 | PEREZ | |
| 5-12-07 | 2 | C. Walton | C.W. |
| 5-12-07 | 2 | H. May 3/w | H. M |
| 5-13-07 | 3an | D. Wadkins | |
| 5-13-07 | 3 hr | A. Adams | a adam |
| 5-14-07 | 4 hrs. | T. Moore | |
| 5-15-07 | 4 HRS | W. Wright | |
| 5-16-07 | 4 HRS | W. Wright | |
| 5-17-07 | 4 HRS | W. Wright | |
| 05-18-07 | 4 hrs. | Nord | |
| 05-20-07 | 4 hrs | Nord | |
| 05-24-07 | 4 hrs | Nord | |

05-24-07                  Nord
_____              _____              _____
DATE COMPLETED        SUPERVISOR'S NAME (PRINT)     SUPERVISOR'S SIGNATURE

### LOSS OF PRIVILEGES

A LOSS OF: 05-02-07 THROUGH 08-01-07 NO DAYROOM, TELEPHONE, YARD, NO 3rd.Quarter Package

DATE STARTED: 05-02-07          TO END BY: 08-01-07

ORDERED BY: B.J. SLOAN, CORRECTIONAL LIEUTENANT
            NAME AND TITLE                         SIGNATURE

CVSP.024

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

RECEIVED MAY 21 2007

Location: Institution/Parole Region 1. CCUSP 2.

Log No. 1. 07-00438 2.

Category

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: KANWALJIT SINGH HUNDAL  NUMBER: F59716  ASSIGNMENT: LINE SERVER  UNIT/ROOM NUMBER: B4 123L

A. Describe Problem: Dear Sir, I belong to the SIKHISM faith in which hairs symbolize spiritual life and connection with the heavenly father. I have been issued third CDC-115 (04/25/07, Log # B07-04-0015) for grooming standards (Beard more than 1/2 inch). Since 05/02/07 I have been put down to C status with loss of priviledges (Dayroom, Telephone, Yard, 3rd Quarter package). Also I am assigned with 40 extra hours of duty in addition to regular A class duty hours. It is a violation of Religious Land Use and Institutionalized Persons Act and a racial discrimination against me.

If you need more space, attach one additional sheet.

B. Action Requested: Please issue me a chrono to exercise my religious faith, clear CDC-115 from my record and restore my A class status.
Thanks for your kind attention.

Inmate/Parolee Signature: Kanwaljit Singh Hundal    Date Submitted: 05/08/2007

RECEIVED JUN 21 INMATE APPEALS BRANCH

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: BYPASSED

Staff Signature: _____  Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASSED

Signature: _____  Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim    CDC Appeal Number: _____

⑦

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☑ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: **BYPASSED** Date: _____

Interviewed by: _____

**BYPASSED**

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

**RECEIVED**
**JUN 13 2007**
**INMATE APPEALS OFFICE**

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 5-21-07    Due Date: 7-3-02

☑ See Attached Letter

Signature: M. R. Brents    Date Completed: 6/4/07

Warden/Superintendent Signature: _____    Date Returned to Inmate: 6/18/07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Respected Sir, I belong to SIKHISM faith. My religious rights are being denied which is a violation of federal statute known as Religion Incarceration Constitutional Protections. The court has already ruled against prison hair policy in the past. I am being discriminated and harrassed. Instead I have been given Islamic Religious chrono which is totally irrelevant to my request. Thanks.

Signature: Kanwaljit Singh Hundal (Ref; Rade VS Wade)    Date Submitted: 06/17/07
Captain Howell Case

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

☐ See Attached Letter

CDC 602 (12/87)    Date: SEP 2 2 2007

Kanwaljit Singh Hundal                              May 16, 2007
F-59716, B3-233-L
Chuckawalla Valley State Prison
P.O. Box 2349
Blythe, CA. 92226


To Whom it May Concern,

I belong to SIKHISM religion by faith in which hair
symbolizes spiritual life. Chuckawalla Valley State
Prison has issued me a violation of their grooming
standards (Beard more than 1/2 inch) with 60 days loss
of good time credits. Since 5-02-07 I have been lowered
from "A" to "C" status, with 90 days loss of privileges
(Dayroom, Yard, Telephone, Third Quarter Packages)
along with assigning me to 40 extra hours of duty in
addition to my regular "A" status duty hours. This
is a violation of Religion Incarceration Constitutional
Protections as well as Religious Land Use and
Institutionalized Persons Act.

I humbly request your immediate and kind attention
for justice. Thank you for your time on this matter.


                    Respectfully Submitted

                    Kanwaljit Singh Hundal
                    Kanwaljit Singh Hundal


        Appeal Log Number: CVSP-X-07-00392

        Attachment:    Religion In Prison

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:  **SEP 2 2 2007**

In re:   Hundal, F-59716
Chuckawalla Valley State Prison
P.O. Box 2289
Blythe, CA  92226

IAB Case No.: 0617221          Local Log No.: CVSP 07-00438

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner Rick Manuel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #B07-04-0015, dated April 25, 2007, for Grooming Standards. It is the appellant's position that he was inappropriately found guilty of the RVR charge. Although the appellant acknowledges that his beard is more than one-half inch in length, it is his belief that he should be issued a religious accommodation chrono that would exempt him from shaving his beard. The appellant requests on appeal that the RVR be dismissed and that the suspended privileges be restored.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant was appropriately found guilty of the RVR charge. The reviewer considered the appellant's concerns; however, determined that his explanation does not justify his request. The reviewer notes that the Senior Hearing Officer found the appellant guilty based upon the Reporting Employee report, which indicates the appellant's beard is longer than allowable limits and the appellant's partial admission of his own culpability by maintaining a beard longer than one-half inch. The reviewer notes that the appellant continues to refuse to comply with the departmental grooming standards. The appeal was denied at the Second Level of Review (SLR).

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.   FINDINGS:** The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification in the SLR. There is no evidence that supports the appellant's contention that the appellant was inappropriately found guilty of the RVR charge. The reviewer has demonstrated that the appellant continues to allow his beard to grow longer than one-half inch, which is the allowable length. Through the appellant's own admission, he refuses to shave his beard, as he feels he should be issued a religious exemptions chrono. The reviewer advised the appellant that he should approach the institutional chaplain regarding this concern. Regardless of the appellant's dissatisfaction with the SLR decision, relief at the Director's Level of Review is not warranted.

   **B.   BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3062, 3315, 3320, 3323
Director, Division of Adult Institutions, February 27, 2006 Memorandum: EMERGENCY REGULATIONS INMATE GROOMING STANDARDS AND ACCESS TO RELIGIOUS PROGRAMS

   **C.   ORDER:** No changes or modifications are required by the institution.

HUNDAL, F-59716
CASE NO. 0617221
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CVSP
        Appeals Coordinator, CVSP



State of California

Department of Corrections and Rehabilitation

# Memorandum

Date:    June 4, 2007

To:    Kanwaljit Hundal, F-59716
Chuckawalla Valley State Prison

Subject:  SECOND LEVEL APPEAL RESPONSE
LOG NO.:    CVSP 07-00438

ISSUE:

You are appealing a matter regarding a disciplinary charge (CDC 115).  You received a CDC 115 dated 4-25-07, Log #B07-04-0015, for Grooming Standards (Beard).  You contend you are not guilty.

You are requesting to be issued a religious accommodation chrono to exempt you from shaving your beard, to have the CDC 115 be dismissed and your Privileges/Group (PG)"A" be restored.

INTERVIEWED BY:  M. R. Bunts, Inmate Appeals Coordinator, on 6-4-07.  In reaching a decision, all relevant documentation was researched.

REGULATIONS:  The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3062.  Inmate Grooming Standards.**
    (b)    An inmate's hair shall have no lettering, numbering, or designs of any kind cut, shaved, dyed, painted or in any way placed in the hair or on the scalp of the inmate.

**CCR 3315.  Serious Rule Violations.**
    (f) Disposition. Upon completion of the fact-finding portion of the disciplinary hearing, the inmate may be found:
    (3) Guilty as charged or guilty of an included serious rule violation and assessed a credit forfeiture pursuant to section 3323.
    (5)    The disposition may or when mandated shall include assessment of one or more of the following:
    (B) Suspension of privileges specified by the hearing official for no more than a 90-day period starting the date of the disciplinary hearing. The suspension of privileges for violations of subsections 3323(c)(7) and 3323(d)(6) shall be assessed as follows:
        1. Thirty days for the first offense.
        2. Sixty days for the second offense.
        3. Ninety days for the third offense.
    (C) Disciplinary detention or confinement to quarters as provided in sections 3330 and 3333 for not more than a ten-day period. If facility



KANWALJIT HUNDAL, F-59716
CASE NO. 07-00438
PAGE 2

security will not be jeopardized, the inmate shall be released to attend work and program assignments.

**CCR 3320. Hearing Procedures and Time Limitations.**
(l) The inmate may present documentary evidence in defense or mitigation of the charges. Any finding of guilt shall be based upon determination by the official(s) conducting the disciplinary hearing that a preponderance of evidence submitted at the hearing substantiates the charge. At the conclusion of the disciplinary hearing, the inmate shall be informed of the findings and disposition of the charge and of the right to and procedure for appeal of the action. Within five working days following review of the CDC Form 115 and CDC Form 115-A by the chief disciplinary officer, the inmate shall be provided a copy of the completed CDC Form 115 containing the findings, disposition, and evidence relied upon in reaching the conclusions.

Inmate Hundal, in reviewing CDC 115 dated 4-25-07, Log #B07-04-0015, for Grooming Standards (Beard), it is clear all due process rights and time constraints were met. The finding of guilt was based on the written report by the employee, wherein your beard was observed longer than allowable limits and a partial admission of your own culpability by maintaining a beard over 1/2 inch length and your refusal to come into compliance with state grooming standards. Finally, the Senior Hearing Officer appropriately assessed 30 days Forfeiture of Credit and 90 days Loss of Privileges (LOP). Therefore, your CDC 115 will not be dismissed and the LOP will remain in effect until 8-2-07. On 5-21-07, you were advised to address your concerns with the religious coordinator regarding a religious accommodation for not shaving.

<u>DECISION</u>:  The appeal is denied.

You are advised this issue may be submitted for a Director's Level of Review if desired.

M. R. BUNTS
Inmate Appeals Coordinator

J.F. SALAZAR
Warden (A)

JFS/MRB/lg

cc:  Central File
     Inmate Appeals



NAME   Hundal                         CDC NUMBER   F59716      HOUSING   B4/123L        CDC 128 G

The above named inmate is an Islamic Religious Practitioner.  The items listed below are of a sacred religious nature, but may be searched.  In order to preserve the religious sanctity of these items, <u>PLEASE HANDLE THEM RESPECTFULLY.</u>  The Muslim Chaplain does not need to be present when a search is conducted.  These items are used for a religious purpose and this inmate is authorized to have the following items in his locker:

- Prayer Rug (Limit 1)
- Kufi caps (Limit 2)
- Prayer Oil (Limit 8 ounces)
- Zikr Beads (Limit 2)
- Qur'an (soft cover only allowed in inmate lockers)
- Islamic Books
- Islamic CD's and Tapes
- Plastic bottles (Limit 8–1 oz)

_Jay L. Abbs_

JAY L. ABBS, Associate Warden, Complex I

Central File—ORIGINAL
Associate Warden, Business Services
Religious Program Coordinator
Inmate

DATE       5/18/07       ISLAMIC  RELIGIOUS  CHRONO–CVSP

GENERAL CHRONO





AB 97/11

This Administrative Bulletin (AB) outlines policy and legal requirements pertaining to inmate rights under the Religious Freedom Restoration Act (RFRA).

## HISTORY

Prior to 1975 California inmates were afforded few rights. In 1975 our legislature passed the Inmate Bill of Rights, Penal Code (PC) Sections 2600 and 2601. In addition to several enumerated rights, other inmate rights, including religious rights, were only to be restricted to the narrowest extent necessary for safety and security. In 1994 the Inmate Bill of Rights was changed allowing staff to restrict inmate rights, including religious rights, so long as the restrictions are "reasonably related to legitimate penological interest." In 1993 Congress enacted RFRA. The RFRA requires government generally to give more deference to an individual's religious beliefs and practices. In 1995 a federal court decision in California determined that RFRA applies to prison inmates.

## PRESENT LAW

Generally, staff have discretion to implement policies which limit inmate rights based upon PC Section 2600 which requires only that the restrictions are "reasonably related to legitimate penological interests." However, RFRA prohibits the State from burdening an inmate's religious exercise, unless the State first:

1.  Shows a compelling interest, such as safety and security.

2.  That the means to safeguard the State's interest provides the least restrictions on the religious interest.

## CURRENT ISSUES

The standards restricting inmate rights generally are different from standards restricting inmate religious rights in particular. Restrictions which may be reexamined under RFRA are as follows:

* Religious diets.

* Religious services.

* Religious paraphernalia.


14



- 2 -

- Cross gender searches.

- Religious clothing.

- Grooming standards.

- Publications.

- Religious volunteers and contacts.

- Religious activities which may be a subterfuge for illicit gang activity.

## GENERAL POLICY

In response to the provisions set forth in RFRA, the California Department of Corrections (CDC) shall endeavor to ensure that all prisoners have a reasonable opportunity to express religious freedom. In the event that it is necessary to substantially restrict inmate religious practices, the restriction(s) shall be governed by the RFRA standard stated in PRESENT LAW (see page 1).

The rationale for restrictions on religious practices must go further than generally asserting that limitations imposed on religious freedom are required for security and custody. **Staff are required to delineate restrictions on religious activities based on necessary regulations and procedures to maintain order, safety, security, and discipline, consistent with consideration of cost and limited resources.** The restrictions imposed must be justified as being the least restrictive while still satisfying departmental interests.

## RECOMMENDED PROCEDURES

The CDC's interest is in whether or not the religious practice or belief can be safely incorporated within a facility setting. In implementing or restricting religious services, the following guidelines may be helpful:

1. Determine if the tenets of a particular religion can be accomplished by means already available within the facility, e.g., volunteers, literature, interfaith activities, etc.

2. An inmate making a request is obligated to prove that a governmental action burdens the practice of his or her religion by preventing him or her from engaging in conduct or having a



- 3 -

religious experience which the faith mandates. This interference should be more than an inconvenience; the burden should be substantial and the interference should be with a tenet or belief that is central to that religion's doctrine.

3.  If a facility determines that it cannot accommodate a religious request, it should identify the compelling State interest and which less restrictive alternatives were considered.

4.  The better rationales for restricting religious activities would be specific rather than conclusory. For example, staff shall not merely state that the proposed religious activity imposes a "substantial burden" on an essential prison operation, e.g., safety or security, but define how the activity burdens the prison operation.

5.  When restrictions are applied to religious practices, religious leaders, facility chaplains, and other community leaders may be consulted on those restrictions which are imposed and as to whether such restrictions place "substantial" burdens on essential religious exercise.

6.  The CDC is supportive of using volunteers for the purpose of providing religious program activities to the inmate population which are not otherwise met by facility resources. Reasons for denying and/or restricting requests for religious volunteers should specifically identify the basis for denial or restriction.

7.  If an inmate claims that a proposed alternative to religious expression is not adequate, the reason(s) for such claims need to be specifically delineated.

This bulletin will remain in effect until it is incorporated into the Department Operations Manual, Section 53050. If you have questions or require further information, please contact Barry J. Smith, Religious Program Administrator, at (916) 324-1441.

GREGORY W. HARDING
Chief Deputy Director
Support Services





This Administrative Bulletin (AB) rescinds AB 96/24, issued October 31, 1996, which provided notice of the Religious Freedom Restoration Act (RFRA) pertaining to inmate religious rights. The recision of the AB is necessary because the court recently found RFRA to be unconstitutional and unenforceable.

## HISTORY

Prior to 1975 California inmates were afforded few rights. In 1975 our Legislature passed the Inmate Bill of Rights, Penal Code (PC) Sections 2600 and 2601. In addition to several enumerated rights, other inmate rights, including religious rights, were only to be restricted to the narrowest extent necessary for safety and security. In 1994 the Inmate Bill of Rights was changed allowing staff to restrict inmate rights, including religious rights, so long as the restrictions are "reasonably related to legitimate penological interest." In 1993 Congress enacted RFRA. Under RFRA, the government was required to give more deference to an individual's religious beliefs and practices. In 1995 a federal court decision in California determined that RFRA applies to prison inmates. However, the United States Supreme Court held RFRA unconstitutional in 1997.

## PRESENT LAW

Staff have discretion to implement policies which limit inmate rights based upon PC Section 2600. This requires only that the restrictions are "reasonably related to legitimate penological interests." Now that the stronger inmate religious rights in RFRA are unenforceable, restrictions on inmate religious rights are governed by the same standards governing restrictions on other inmate rights.

## GENERAL POLICY

In PC Section 5009 the Legislature requires the Department to permit all inmates a reasonable opportunity to express religious freedom. In the event that it is necessary to substantially restrict inmate religious practices, the restriction(s) shall be governed by the PC Section 2600 standard. The restrictions shall be "reasonably related to legitimate penological interests."

## RECOMMENDED PROCEDURES



State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*May 21, 2007*

*HUNDAL, F59716*
*B30000000000233L*

Log Number: CVSP-X-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*YOUR APPEAL WILL BE PROCESSED AS A DISCIPLINARY.  ANY REQUESTS FOR RELIGIOUS EXEMPTIONS FOR GROOMING STANDARDS MUST BE ADDRESSED TO AW BUSINESS SERVICES, J. ABBS.*

Appeals Coordinator
CHUCKAWALLA VALLEY STATE PRISON

**NOTE:**  Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d).  This screening decision may not be appealed.  If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents.  You have only 15 days to comply with the above directives.



**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**



State of California                    MULE CREEK-WARDEN

209 274 4861    P.01/01
Department of Corrections and Rehabilitation

# Memorandum

Date:    August 28, 2006

To:    Mule Creek State Prison Employees

Subject:    RELIGION IN PRISON



The United States Constitution's first amendment guarantees people of all faiths the right to worship freely. This right is also afforded to incarcerated persons. Under federal statute, known as Religion Incarceration Constitutional Protections, religious rights cannot be denied inmates. Reforms mandated by the courts are continually increasing our responsibilities as correctional employees. Personal judgments regarding religion and inmates are not permitted to interfere with your professional conduct on the job.

California currently hires chaplains for five recognized faith groups: Catholic, Protestant, Jewish, Muslim and Native American. All chaplains are required to direct their own faith worship/education program. They must also provide pastoral counseling and supervision to all inmates and religious groups, not served by the five main faith groups.

We as State employees are not to judge or ridicule individual religious preferences. Our Chaplains regularly hear, "if they are so religious, what are they doing in prison?" Mistakes can be made. Corrections (as is our name) can also be made. Offenders who committed serious crimes are dealt with by incarceration, but all offenders are entitled to religious rights.

We are all part of the Corrections Team. Chaplains teach Anger Management, Addiction Recovery, Conflict Resolution and Group Therapy Dynamics. Chaplains provide counseling in emergency family situations. Chaplains also restore family ties. Chaplains are California Department of Corrections and Rehabilitation liaisons to the religious community to provide donations, volunteers, and services to inmates, parolees and their families. Chaplains visit the Facilities, Administrative Segregation, Minimum Support Facility, and interact with religious organizations on a regular basis.

As correctional employees, your support of the Religious Program is expected and appreciated.

ROSANNE CAMPBELL
Warden (A)
Mule Creek State Prison

(17)

# Memorandum

Department of Correctic

Date:    October 10, 2000

To:    Wardens
       Community Resources Managers

Subject:    RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000 (S. 2869)

This in an informational memorandum pertaining to the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), signed by President Clinton on September 22, 2000. A copy of this new federal law, which takes effect immediately, is attached for your information. We can expect inmate appeals, defenses to discipline, and lawsuits to begin reciting alleged violations by California Department of Corrections (CDC) of the inmates' right to free exercise of religion.

The RLUIPA is similar to an earlier federal law, the Religious Freedom Restoration Act of 1993 (RFRA), which required the Department to make significant accommodations in its facilitation of inmate religious programs. In response to RFRA, the Department issued Administrative Bulletin (AB) Number 96/24, dated October 31, 1996, to provide guidance to staff in administering inmate religious programs. In 1997, the United States Supreme Court found RFRA to be unconstitutional. Soon after, AB 96/24 was rescinded.

Like RFRA, RLUIPA essentially changes the standard by which courts will assess inmate claims that CDC has in some manner impermissibly restricted their right to free exercise of religion. In recent years, the courts have upheld restrictions on the "free" exercise of religion if the restrictions further a legitimate penological interest. Under RLUIPA, any such restriction will be invalidated unless it (1) furthers a compelling government interest, and (2) is the least restrictive means of furthering that compelling government interest.

Although the Department's religious programs already meet many of RLUIPA's requirements, increased demands may be placed on custody, support services, and budgets to facilitate inmate participation in religious programs. Until you receive further notice, please follow existing departmental religious policy (i.e., Title 15, Sections 3210 – 3216, DOM Chapter 53050, and AB 97/11). Particular attention should be given to the provision in AB 97/11 concerning inmate requests for religious accommodation: "Staff shall not merely state that the proposed religious activity poses a threat to prison operation, e.g., safety and security, but define how the activity is a threat to prison safety and security." It will be very important for the Department to articulate in detail the safety and security concerns underlying any restriction or limitation of an inmate's religious exercise. These legitimate concerns will enable the Department to better defend against the inevitable claims of religious interference we expect inmates to raise under RLUIPA.

CALIFORNIA    AUG. 2005

# Court rules against prison hair policy

CHRONICLE STAFF REPORT

A California prison rule requiring male inmates to keep their hair short violated the constitutional rights of an American Indian prisoner, a federal appeals court ruled Friday, citing a recent Supreme Court decision on religious freedom in prison.

A three-judge panel of the Ninth U.S. Circuit Court of Appeals rejected prison officials' claims that a three-inch limit on hair length was a valid security measure in the minimum-security prison in San Bernardino County, where Billy Warsoldier was held for 13 months on a gun conviction.

Warsoldier, a Cahuilla Indian, says members of his religion believe that they would be unable to join their ancestors in the afterlife if they cut their hair, except after the death of a close relative. He was disciplined for his refusal and had his release date briefly postponed, but he was paroled in May 2004 after the court first intervened in his case.

The court said Friday that the state's arguments — that limiting hair length made identification easier and prevented inmates from hiding weapons or contraband — were upheld in the past but are no longer valid, at least in Warsoldier's case, because of a new federal law strengthening the religious rights of inmates. The Supreme Court upheld the law in May.

Noting that the law requires the state to show a strong necessity for the rule and no reasonable alternatives, the court said the state's rationales were undermined by the fact that no such restriction applies to female prisoners; that federal prisons and some states either allow long hair or exempt religious believers, and that security needs are less stringent in a minimum-security prison.





Description: _CDCR 115, 602 And_

_Related Documents_

Pages: _10_

D 3
B28    6-5-07

"D"

[RA]
CDC-804 SENT TO RECORDS ON 06-12-07
ETH: OTH        DOB: 08-15-58        GPL: 5.7
STATE OF CALIFORNIA

# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| F-59716 | HUNDAL, K. | | 03-21-12 | C.V.S.P. | B3-233L | B07-06-0011 |
| VIOLATED RULE NO(S). | SPECIFIC ACTS | | | LOCATION | DATE | TIME |
| CCR§ 3005(b) | DISOBEYING WRITTEN ORDERS | | | BRAVO/YARD | 06-05-07 | 1020 |

CIRCUMSTANCES

On June 5, 2007, at approximately 1020 hours, while performing my duties as Bravo Medical Officer, I observed Inmate HUNDAL, K. (F-59716, B3-233L) outside of his Housing Unit sitting in the grass area in front of the Bravo Yard Gym. I contacted the B3 Housing Unit Officer and had Inmate HUNDAL, K. report to Program Service. Inmate HUNDAL, K. failed to report. At about 1255 hours I again had the B3 Housing Unit Officer page Inmate HUNDAL, K.. At about 1305 hours Inmate HUNDAL, K. reported to Program Services. I asked Inmate HUNDAL, K. if he was aware of the loss of Privileges (LOP) status. Inmate HUNDAL, K. stated "Yes". I asked Inmate HUNDAL, K. why he was outside his housing unit at 1020 hours, he stated " I was in church ", I informed Inmate HUNDAL, K. that he was in direct violation of written orders Specifically "Loss of Yard Privileges" (Except from 1300-1500 hours, Monday-Friday) and would be recieving a Serious CDC-115. Inmate HUNDAL, K. was receptive to counseling and is aware of this report.

NOTE At the time of this report, Inmate HUNDAL, K. was **not** a participant in the Mental Health Service Delivery System(MHSDS).

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ GARCIA, P., Correctional Officer | | 6-5-07 | B-Yard II | F/S |
| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
| ▶ COUCH, K., B-Sergeant (2/A) | | 6/12/07 | DATE N/A | LOC. N/A |
| CLASSIFIED | OFFENSE DIVISION: | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
| ☐ ADMINISTRATIVE | 0-30 DAYS "F" | 6-13-07 | ▶ R. LEONARD, Correctional Counselor-II | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |
| ☒ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|---|
| | ▶ c/o | | 6/13/07 | 1500 | N/A |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | | DATE | TIME | BY: (STAFF'S SIGNATURE) |
| | ▶ N/A | | N/A | N/A | N/A |

SUPPLEMENT BY
N/A

| BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|
| ▶ | N/A | N/A |

HEARING

(RA) On June 15, 2007, at approximately 0830 Hours, Inmate HUNDAL, K. (F-59716), made a personal appearance before this Senior Hearing Officer (SHO), for the purpose of adjudicating this Rules Violation Report (RVR). This Senior Hearing Officer inquired about the status of his health and Inmate HUNDAL, K. indicated he was in GOOD health. Inmate HUNDAL, K. was asked if he received a copy of all pertinent documentation to be relied upon for this disciplinary hearing at least twenty-four (24) hours prior to this hearing. Inmate HUNDAL, K. indicated he had and is prepared to proceed.

FINDINGS: Inmate HUNDAL, K. is being found GUILTY of violating CCR §3005(b), specifically, "Disobeying Written Orders". CONTINUED ON CDC115 PART-C.

DISPOSITION: Assessed Thirty (30) days LOSS OF BEHAVIOR/WORK CREDIT, consistent with the schedule provided in CCR §3323 (Disciplinary Credit Forfeiture Schedule) for a Division "F" Offense. CONTINUED ON CDC-115C

MENTAL HEALTH SERVICES DELIVERY SYSTEM (MHSDS) Inmate HUNDAL, K. is not a participant in the MHSDS at any level of care, did not exhibit any bizarre and/or unusual behavior and therefore did not require a mental health assessment prior to the adjudication of this RVR.

(CONTINUED ON CDC-115C)

| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
| D. RETTAGLIATA, CORRECTIONAL LIEUTENANT (SHO) | | | 6-15-07 0830 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| ▶ K. HUGHES, FACILITY CAPTAIN | 6-18-07 | ▶ D. OLLISON, ASSOCIATE WARDEN | 6-19-07 |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | ▶ c/o | | 6/8/07 | 1600 |

CDC 115 (7/88)

①

STATE OF CALIFORNIA

RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE___ OF___

| CDC NUMBER | INMATE'S NAME | | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|---|
| F-39716 | HINDAL, K. | | B07-C5-0011 | C.V.S.P. | 06-15-07 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

**POSTPONEMENT OF DISCIPLINARY HEARING:** This RVR did not meet the criteria for referral to the Riverside County District Attorney's Office for prosecution.

**DUE PROCESS:** There are no due process issues as Inmate HINDAL, K. was provided a copy of the charge(s) within the allotted fifteen (15) days and the RVR is being adjudicated within the allotted thirty (30) days.

**STAFF ASSISTANT (SA):** Inmate HINDAL, K. was not assigned a SA as he is not illiterate, as indicated by his GPL of 5.7; the issues are not complex; confidential information was not relied upon; and he is fluent in English.

**INVESTIGATIVE EMPLOYEE (IE):** Inmate HINDAL, K. was not assigned an IE as he was not segregated and was able to collect evidence and/or interview potential witnesses.

**WITNESS:** Inmate HINDAL, K. was advised of his right to call witnesses, however, did not request the presence of witnesses during the disciplinary hearing as indicated in the witness section of the CDC 115-A.

**PLEA/STATEMENT:** This Senior Hearing Officer explained the circumstances of the RVR to Inmate HINDAL, K., speaking slowly, rephrasing sentences using simple English. Inmate HINDAL, K. explained his understanding of the RVR to this SO's satisfaction and elected to plead NOT GUILTY. Inmate HINDAL, K. was asked if he had any statement to make and he stated: "It is my religious freedom to go to the chapel."

**FINDING:** Inmate HINDAL, K. is being found GUILTY of violating CCR §3005(b) specifically, "Disobeying Written Orders". This finding is based upon the preponderance of evidence submitted at the disciplinary hearing, which substantiated the charge. This evidence includes:

1). The Reporting Employee's written report, wherein it clearly documented, in part, "Correctional Officer Garcia states that he saw Inmate HINDAL, K. on the grass area in front of Housing Unit B-3, at 1020 hours while Inmate Hindal, K. was on LOSS OF PRIVILEGE status.

2). Coupled with the fact that ~~Inmate HINDAL, K. failed to present any~~ evidence that would support a finding of NOT GUILTY.

3. Inmate HINDAL, K. was counseled and reminded that he could worship any faith of his choosing, however he could only go to the chapel during the hours associated with Inmates on LOP and or unassigned C-status (1300-1500 hrs., Monday-Friday).

**DISPOSITION-CONTINUED:** Assessed Thirty (30) days LOSS OF BEHAVIOR/WORK CREDIT, consistent with the schedule provided in CCR §3323, (Disciplinary Forfeiture Schedule) for a Division "F" offense.

Inmate HINDAL, K. was warned and reprimanded at length regarding his behavioral expectations.

Inmate HINDAL, K. has been apprised of the above finding(s) and his right to appeal these findings pursuant to CCR §3084.1. Inmate HINDAL, K. was further advised that he would receive a completed copy of this RVR upon final audit by the Chief Disciplinary Officer.

Inmate HINDAL, K. also has been advised of his right to restoration of credits under CCR §3327 and §3328.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| D. BETTAGLIATA, LIEUTENANT (SHO) | | 6-15-07 |
| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

☒ COPY OF CDC 115-C GIVEN TO INMATE

DC 115-C (5/95)    

OSP 99 25082

STATE OF CALIFORNIA

# SERIOUS RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| F-59716 | HUNDAL, K. | CCR§ 3005(b) | 06-12-07 | C.V.S.P. | B07-06-0011 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☐ YES    ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ► N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ► N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | |
|---|---|---|
| | N/A | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ► N/A | |

## STAFF ASSISTANT

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | ► N/A | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | N/A |

| ☒ NOT ASSIGNED | REASON NOT ASSIGNED DUE TO INMATES GPL PER CCR§3315(d)(2). N/A |

## INVESTIGATIVE EMPLOYEE

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | ► N/A | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | N/A |

| ☒ NOT ASSIGNED | REASON NOT ASSIGNED DUE TO INMATE NOT BEING SEGREGATED PER CCR§3315(d)(1). |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

N/A

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER ☒ Kanwaljt Hundul    ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N/A | ☐ | ☐ | N/A | ☐ | ☐ |
| | | | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

③

| | INVESTIGATOR'S SIGNATURE | | DATE | |
|---|---|---|---|---|
| COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ► | Knapp | TIME 1500 | DATE 6/13/07 |

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region | Log No. | Category

JUN 27 2007    CSP    07-00528    (1)

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| KANWALJIT SINGH HUNDAL | F59716 | LINESERVER | B3/233L |

A. Describe Problem: Respected Sir, In response to CDC 115 (Log No B07-06-0011) dated 06/05/07) I want to say that I am being discriminated because of my beard. Firstly despite court's ruling against prison hair policy in the past, I am put on loss of privileges status which is a violation of religious rights. Secondly the loss of privileges status does not restrict going to chapel. Thirdly for my job, linen/uniform exchange and canteen purchase also I have to come out of dorm at times other than 13:00 - 15:00. I work for A class status but without its privileges.

If you need more space, attach one additional sheet.

B. Action Requested: Restoration of class A privileges and dismissal of CDC 115.

Inmate/Parolee Signature: Kanwaljit Singh Hundal    Date Submitted 06/20/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

BYPASSED

RECEIVED
INMATE APPEALS BRANCH
AUG 20 2007

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response:

BYPASSED
BYPASSED

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim    CDC Appeal Number:

EM (4)

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: _____

Interviewed by: _____

_____

_____    **BYPASSED**

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved:    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____    RECEIVED

_____    AUG 10 2007

Signature: _____    Date Submitted: _____    INMATE APPEALS OFFICE

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 6-27-07    Due Date: 8-9-07

☒ See Attached Letter

Signature: M R Bents    Date Completed: 8/9/07

Warden/Superintendent Signature: _____ Warden    Date Returned to Inmate: 8/15/07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Respected Sir, I am being discriminated to put me on loss of priviledges because of my religious beliefs. For linen exchange and canteen purchase, I have to stand in the yard in times other than 1300-1500. I walk to my work also through the same yard early in the morning. As per law religious rights can not be denied. Thanks

Signature: Kanwaljit Singh Hundal    Date Submitted: 8/16/07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☒ See Attached Letter

CDC 602 (12/87)    Date NOV 1 3 2007

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    NOV 1 3 2007

In re:    Kanwaljit Hundal, F59716
Chuckawalla Valley State Prison
P.O. Box 2289
Blythe, CA 92226

IAB Case No.: 0705507          Local Log No.: CVSP-07-00528

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #B07-06-0011, dated June 5, 2007, for Disobeying Written Orders a Division "F" offense. It is the appellant's position that he is not guilty of the RVR as charged. He requests dismissal of the RVR and that he be returned to his prior program and privilege status.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant was afforded all of his due process rights, including a fair and unbiased hearing by an impartial Senior Hearing Officer (SHO). On June 5, 2007, the reporting employee observed the appellant to be on the yard during a time when he was not allowed yard privileges due to his Loss of Privileges status. When confronted he admitted that he was aware of the restriction. The appellant did not meet the criteria for the assignment of an Investigative Employee to assist in the gathering of evidence. The appellant did not meet the criteria for the assignment of a Staff Assistant as there was no need for a confidential relationship; the issues are not complex; and the appellant is not illiterate and understands English. The appellant waived that witnesses be present at the hearing.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.   FINDINGS:** The appellant was afforded all due process rights in the adjudication of the RVR and all procedural guidelines were met. A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.

   **B.   BASIS FOR THE DECISION:**
   California Code of Regulations, Title 15, Section: 3005, 3315, 3318, 3323

   **C.   ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CVSP
       Appeals Coordinator, CVSP



State of California

Department of Corrections and Rehabilitation

# Memorandum

Date:     July 31, 2007

To:     Kanwaljit Hundal, F-59816
        Chuckawalla Valley State Prison

Subject:  SECOND LEVEL APPEAL RESPONSE
          LOG NO.:   CVSP 07-00528

ISSUE:

You are appealing a matter regarding a disciplinary charge (CDC 115).  You received a
CDC 115 dated 6-5-07, Log #B07-06-0011, for Disobeying Written Orders.  You contend
you are not guilty.

You are requesting your Privilege Group 'A' (PG 'A') be restored and the CDC 115 be
dismissed.

INTERVIEWED BY:  M. R. Bunts, Inmate Appeals Coordinator, on 8-9-07.  In reaching
a decision; all relevant documentation was researched.

REGULATIONS:  The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3005.
Conduct.**
        (b) Obeying Orders. Inmates and parolees must promptly and
courteously obey written and verbal orders and instructions from
department staff and from employees of other agencies with authorized
responsibility for the custody and supervision of inmates and parolees.

**CCR 3320. Hearing Procedures and Time Limitations.**
        (l) The inmate may present documentary evidence in defense or
mitigation of the charges. Any finding of guilt shall be based upon
determination by the official(s) conducting the disciplinary hearing that a
preponderance of evidence submitted at the hearing substantiates the
charge. At the conclusion of the disciplinary hearing, the inmate shall be
informed of the findings and disposition of the charge and of the right to
and procedure for appeal of the action. Within five working days
following review of the CDC Form 115 and CDC Form 115-A by the chief
disciplinary officer, the inmate shall be provided a copy of the completed
CDC Form 115 containing the findings, disposition, and evidence relied
upon in reaching the conclusions.



KANWALJIT HUNDAL, F-59816
CASE NO. 07-00528
PAGE 2

Inmate Hundal, in reviewing CDC 115 dated 6-5-07, Log #B07-06-0011, for Disobeying
Written Orders.  It is clear all due process rights and time constraints were met.  The
finding of guilt was based on the written report by the employee, wherein you were sitting
on the grass in front of your housing unit at a time not authorized for inmates on Loss of
Privileges status and an inability to provide a credible defense.  Therefore, your CDC 115
will not be dismissed, nor will your PG revert back to "A".  Finally, the CDC 115 was not
issued for a disagreement over belief systems.  You may worship in your bed area or in
the chapel during your designated yard time (1300-1500 hours), for those inmates on
restricted privileges.

DECISION:  The appeal is denied.

You are advised this issue may be submitted for a Director's Level of Review if desired.


M. R. BUNTS                                    J.F. SALAZAR
Inmate Appeals Coordinator                     Warden (A)

JFS/MRB/lg

cc:  Central File
     Inmate Appeals



# INMATE APPEAL ROUTE SLIP

To: BUNTS

Date: June 27, 2007

From:  INMATE APPEALS OFFICE

Re: Appeal Log Number  CVSP-X-07-00528  By Inmate  HUNDAL, F59716

Please assign this appeal to appropriate staff for SECOND level response.

Appeal Issue:  DISCIPLINARY
Due Date:  08/09/2007
Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

M. R. BUNTS
INMATE APPEALS COORDINATOR
CHUCKAWALLA VALLEY STATE PRISON



chapel -
Leundry - kitchen



CALIFORNIA

*AUG. 2005*

# Court rules against prison hair policy

CHRONICLE STAFF REPORT

A California prison rule requiring male inmates to keep their hair short violated the constitutional rights of an American Indian prisoner, a federal appeals court ruled Friday, citing a recent Supreme Court decision on religious freedom in prison.

A three-judge panel of the Ninth U.S. Circuit Court of Appeals rejected prison officials' claims that a three-inch limit on hair length was a valid security measure in the minimum-security prison in San Bernardino County, where Billy Warsoldier was held for 13 months on a gun conviction.

Warsoldier, a Cahuilla Indian, says members of his religion believe that they would be unable to join their ancestors in the afterlife if they cut their hair, except after the death of a close relative. He was disciplined for his refusal and had his release date briefly postponed, but he was paroled in May 2004 after the court first intervened in his case.

The court said Friday that the state's arguments — that limiting hair length made identification easier and prevented inmates from hiding weapons or contraband — were upheld in the past, but are no longer valid, at least in Warsoldier's case, because of a new federal law strengthening the religious rights of inmates. The Supreme Court upheld the law in May.

Noting that the law requires the state to show a strong necessity for the rule and no reasonable alternatives, the court said the state's rationales were undermined by the fact that no such restriction applies to female prisoners; that federal prisons and some states either allow long hair or exempt religious believers, and that security needs are less stringent in a minimum-security prison.



State of California
MULE CREEK-WARDEN

209 274 4861    P.01/01
Department of Corrections and Rehabilitation

# Memorandum

Date:    August 28, 2006

To:    Mule Creek State Prison Employees



Subject:    RELIGION IN PRISON

The United States Constitution's first amendment guarantees people of all faiths the right to worship freely. This right is also afforded to incarcerated persons. Under federal statute, known as Religion Incarceration Constitutional Protections, religious rights cannot be denied inmates. Reforms mandated by the courts are continually increasing our responsibilities as correctional employees. Personal judgments regarding religion and inmates are not permitted to interfere with your professional conduct on the job.

California currently hires chaplains for five recognized faith groups: Catholic, Protestant, Jewish, Muslim and Native American. All chaplains are required to direct their own faith worship/education program. They must also provide pastoral counseling and supervision to all inmates and religious groups, not served by the five main faith groups.

We as State employees are not to judge or ridicule individual religious preferences. Our Chaplains regularly hear, "if they are so religious, what are they doing in prison?" Mistakes can be made. Corrections (as is our name) can also be made. Offenders who committed serious crimes are dealt with by incarceration, but all offenders are entitled to religious rights.

We are all part of the Corrections Team. Chaplains teach Anger Management, Addiction Recovery, Conflict Resolution and Group Therapy Dynamics. Chaplains provide counseling in emergency family situations. Chaplains also restore family ties. Chaplains are California Department of Corrections and Rehabilitation liaisons to the religious community to provide donations, volunteers, and services to inmates, parolees and their families. Chaplains visit the Facilities, Administrative Segregation, Minimum Support Facility, and interact with religious organizations on a regular basis.

As correctional employees, your support of the Religious Program is expected and appreciated.

ROSANNE CAMPBELL
Warden (A)
Mule Creek State Prison



EXHIBIT "E"

Description: *Prison Legal News*

*Article*

Pages: *1*

"E"

*It's a Money Thing*

The report contends that a major problem with private health care companies is that they exist to make the greatest possible profits for executives and shareholders. As a result, these companies cut costs by "creating obstacles to care, hiring too few staff, employing staff who are not licensed to practice on the general public (and thus will work for less money) or unqualified or inexperienced staff, and skimping on medication (including using expired medication)."

Citing several examples, the report notes that prison health care contractors are notoriously unreliable, reneging on their contracts "when costs exceed their contracted reimbursement rates." South Carolina's own experience with CMS is typical. Three months before its 2-year contract expired in April 1999, CMS informed the state that it did not want to renew its contract. CMS continued providing medical services on a month-to-month basis while the state frantically searched for another provider.

Unsuccessful, the SCDC was forced to resume medical services in February 2000.

The problems experienced by South Carolina and other states in their encounters with private health care providers should serve as a cogent warning to any sane state legislator. Why, then, would the lawmakers in South Carolina even be considering such an insane option? Indeed, as the report notes: It didn't work then, why would it work now?

Get a copy of the report online at www.grassrootsleadership.org or by mail from Grassroots Leadership, 400 Clarice Avenue, Suite 400, P.O. Box 36006, Charlotte, N.C. 28236. [*PLN* has reported extensively on CMS and other private health care contractors.]

Additional source: *Associated Press*



## POSTAGE WANTED

**Trade in your unused postage stamps for a $$$ MONEY ORDER $$$**

We are a currency exchange business that buys unused postage at a set percentage of face value. We have been dealing with Federal, State, and County inmates since 1993 and have an excellent reputation for fast payment.

Send a SASE or (3) 37¢ stamps for details & application to:

**THE GREENBACK EXCHANGE PO BOX 11228, DEPT. PLN 6 COSTA MESA, CA 92627-1228**

# Guards Let California Prisoner Slowly Starve To Death

Seventy-two year old Khem Singh, who spoke no English and was crippled and wheelchair-bound, died of starvation in his Corcoran State Prison Substance Abuse Treatment Facility (SATF) cell on February 16, 2004, after guards allegedly let him waste away without food or medical care for two months. This occurred in the same facility where another prisoner bled to death only two weeks earlier when his dialysis shunt opened. After his howls for help went unanswered for hours, he died alone in his cell while assigned guards – whose union motto boasts "the toughest beat in the state" – watched the Super Bowl on TV instead.

Singh, a former Sikh priest from Modesto, California, had been removed from his position due to internal politics, but continued to teach children religion. During this period, he was charged with and convicted of molestation and sentenced to 27 years-life. He proclaimed his innocence and that he had been framed.

Baljit Kaur, Singh's wife, accused prison guards of brutalizing him in December. She said that they threw beef in his food, knowingly rendering it inedible because of his religious beliefs; that they kicked him when he sat down to eat; that they tore up his two prayer books she had sent; that a check he had mailed him was cashed, but Singh never got the money; and that guards threatened to cut his hair and beard. Sikhs believe it is a sin to cut their hair and beards.

Immediately after 9-11, one guard slammed a chair on Singh's head, severely cutting him, Kaur said.

Ultimately, Singh so feared guards that he refused to leave his cell. He did not go to meals for two months – and no food was brought to him except by fellow prisoners. His weight dropped from 115 to 80 pounds. Although some guards had expressed concern to prison medical staff as to Singh's condition, records show that during his final two months, no medical staff ever followed up and treated him. The guard who was alleged to have assaulted Singh is also reputed to have told a concerned prisoner, "Forget it; he's going to die."

Fellow prisoners filed grievances and wrote to California State Senator Gloria Romero, Chair of the legislative Corrections Oversight Committee, begging her for intervention – but Singh died a few days before her visit. Romero reviewed files and ordered an investigation. Shortly after Singh's death, his wife suffered a massive heart attack.

The Sikh community remains outraged. The Sikh Media Watch and Research Taskforce will be asking for criminal charges against anyone who is determined to have violated Singh's civil rights. The World Sikh Council, based in Columbus, Ohio, is also demanding justice.

Sources: *The India Post; Los Angeles Times; Sacramento Bee.*

## THE MAGAZINE WIZARD



**Fall & Winter CATALOG**

Guaranteed Low Prices on Hundreds of your Favorite Magazine titles.

Send $1 or 3-fcs for Fall & Winter 2004-2005 Catalog.

The Magazine Wizard PO Box 1846-PLN Bloomington, IN 47402-1846 wizard@magwiz.com www.magwiz.com

Prison Legal News